## DIETRICH *v.* STEAM DREDGE AND AMALGAMATOR.

[Submitted June 23, 1893.  Decided March 26, 1894.]

APPEAL—*Special order—Time for taking.*—An order refusing to open a default is a special order made after final judgment, from which an appeal, to be reviewable, must be taken within sixty days.

ATTACHMENT OF BOATS—*Appearance.*—The filing of a demurrer by a judgment creditor of a boat in an action brought to subject it to claims for services, and in which the creditor assumes to act and appear for himself alone, does not constitute an appearance of the defendant boat under section 216 of the Code of Civil Procedure, providing that any person interested in a boat that has been attached may appear for the defendant and conduct the defense.

SAME—*Intervention.*—A party who is a stranger to a suit as commenced, but who, without a showing by complaint or obtaining leave of court, appears upon his own motion and demurs to the complaint, is not an intervenor within section 24 of the Code of Civil Procedure, and his demurrer so filed may be properly disregarded by the trial court.

*Appeal from Ninth Judicial District, Gallatin County.*

ACTION *in rem.*    Judgment was rendered for plaintiff below by ARMSTRONG, J.    On motion to dismiss appeal.    Granted.

Statement of the case by the justice delivering the opinon:

This action was brought under the provisions of title 7, chapter 5, of the Code of Civil Procedure, as to "Attachment of Boats."

The complaint opens with the allegation: "That the defendant is, and at all times hereinafter mentioned has been, a boat; that the same has no name, to the knowledge of the plaintiff, but has been used as a steam dredge or shovel, with an amalgamator attached for dredging streams and amalgamating purposes." The plaintiff names the owner of defendant as the Montana Mining and Investment Company. The action is *in rem.* The complaint sets up the rendering of services by plaintiff to the defendant boat, the agreed price for the same, the consequent indebtedness to plaintiff, and that the services were rendered on board of the boat in furnishing, operating, fitting out, etc., under a contract made within this state. The further paragraphs of the complaint set out the rendering of similar services to the boat by other persons for certain prices, and the assignment to plaintiff of the claims of said other persons against said boat. The complaint prays for a warrant to seize the boat, and that the claims set out in the complaint be adjudged to be liens against the boat, having preference to any other claims, and for judgment for the amount of the same.

Summons was issued and served upon the alleged boat by posting a copy thereupon, according to the provisions of the Code of Civil Procedure, section 214. The defendant steam dredge and amalgamator itself, or its master, agent, clerk, consignee, or owners (Code Civ. Proc., § 216), never appeared in the action by demurrer, answer, or otherwise.

Within the time allowed by law to file a demurrer or answer, the Commercial National Bank filed what it claims to be a demurrer. That document introduces itself with the following language:

"Comes now the Commercial National Bank, by its attorneys, L. M. Cuthbert and Robert B. Smith, and says that it has an interest in the defendant steam dredge and amalgamator

for the reason that it has a judgment against the same, and execution levied thereon, and is seeking to make a just debt by sale of said property, and therefore demurs to the plaintiff's complaint herein for the following reasons: 1. That said complaint does not state facts sufficient to constitute a cause of action." The instrument then contains a specific demurrer to each count of the complaint. This document is signed as follows: "L. M. Cuthbert and Word & Smith, attorneys for the Commercial National Bank of Cleveland, Ohio." On the expiration of ten days after the service of summons upon the boat, as above noted, the following default was entered:

"In this action the defendant steam dredge and amalgamator, having been regularly served with process, and having failed to appear and answer the plaintiff's complaint on file herein, and the time allowed by law for answering having expired, the default of the said defendant in the premises is hereby duly entered, according to law, this sixth day of January, A. D. 1892.         John McLeod, Clerk."

The filing of the alleged demurrer by the Commercial National Bank is the only appearance in the case (if it can be called an appearance) by any person or thing.

This demurrer was not ruled upon by the court, but the court, on June 18th, entered judgment for the plaintiff on the theory of a default, and ignoring the alleged demurrer of the Commercial National Bank. The judgment recites: "And default of the said defendant and the said the Montana Mining, Land, and Investment Company, the owner of the said property so seized as aforesaid, having heretofore been duly entered for not answering or appearing in said action, and no appearance having been filed by the said the Montana Mining, Land, and Investment Company, or by any master, agent, clerk, or consignee of, or any other person interested in, the said boat, dredge, and amalgamator, its tackle, apparel, furniture, and appendages, or by said defendant, and no answer for the said company, or by any master, agent, clerk, or consignee of, or any other person interested in, the said boat, dredge, and amalgamator, its tackle, apparel, furniture, and appendages, or the said defendant, having been filed, and the time for so answering having fully elapsed, the court, having considered

the premises and the sworn allegations of the complaint, finds in favor of the plaintiff," etc. This judgment appears to be entered June 18, 1892.

On June 23, 1892, the following motion was filed:

" Comes now the Commercial National Bank of Cleveland, Ohio, claiming to be the owner of the above property, and moves the court to set aside the default, and open up the judgment in this cause, and allow the Commercial National Bank of Cleveland, Ohio, to file a petition in intervention in this cause, upon the affidavit of Rob't B. Smith, herewith tendered.

" L. M. CUTHBERT and WORD & SMITH,

"Attorneys for the Commercial National Bank."

With this motion was tendered a petition in intervention. The motion by the bank to open the default and for leave to file intervention was denied September 13, 1892.

The bank, on the first day of February, 1893, filed the following notice of appeal:

" *To the above-named plaintiff, Louis Dietrich, and to Messrs. Luce & Luce, attorneys for plaintiff:*

" You will take notice that the Commercial National Bank of Cleveland hereby appeals to the supreme court of the state of Montana from the order and judgment of the above-entitled district court *in refusing to* entertain the demurrer filed in said cause by said bank, and in overruling the same and entering judgment for plaintiff in said cause, and from the order refusing to open up said judgment, and in refusing to allow the said Commercial National Bank to file its petition in intervention, and make a defense to said action of plaintiff, and to the whole of said orders and judgment, and to each of them, and the said Commercial National Bank objects, and from the same, and each of them, this appeal is prosecuted this January 30th, 1893.            L. M. CUTHBERT and R. B. SMITH,

"Attorneys for Commercial National Bank of Cleveland."

This notice of appeal, it is claimed, brings the case before this court for review.

*Smith & Word,* for Appellant.

*Luce & Luce,* for Respondent.

I.  It is contended that the Commercial National Bank's demurrer should have been considered.  The statute (§ 216, p. 112) provides who may appear for the defendant boat.  By the naming of the persons that could appear upon the part of the boat all others were excluded, unless they came within the provisions of section 24, page 64, of the Compiled Statutes. *Expressio unius est exclusio alterius.*  The demurrer was not an appearance for or on behalf of the boat under the provisions of section 216, nor was the Commercial National Bank one of the persons contemplated by said section who could appear on behalf of said boat, it being neither the master, agent, clerk, or consignee, nor did it stand in any similar condition towards said boat.  The words "other persons interested in the boat" mean other persons *ejusdem generis.*  When there are general words following particular and specific words, the former must be confined to things of the same kind.  (Sutherland on Statutory Construction, §§ 268–73; Sedgwick on Construction of Statutory and Constitutional Law, 360, 361.)  If the demurrer filed by the Commercial National Bank was an appearance at all, it was simply an appearance for itself as a judgment creditor.

There is no doubt that the Commercial National Bank had such an interest as that it might have intervened in the action if the proper application had been made to the court.  (*Horn* v. *Volcano Water  Co.,* 13 Cal. 62; 73 Am. Dec. 569; *Coffee* v. *Greenfield,* 55 Cal. 382.)  Not having done so, however, it is an interloper at this time and a stranger to the action.

II.  The Commercial National Bank cannot prosecute this appeal.  An appeal cannot be prosecuted by a stranger to the record.  (*Montgomery* v. *Leavenworth,* 2 Cal. 57; *Ex parte Cutting,* 94 U. S. 14; *Ex parte Cockcroft,* 104 U. S. 578; *Guion* v. *Liverpool etc. Ins.  Co.,* 109 U. S. 173; *Bayard* v. *Lombard,* 9 How. 530.)

III.  The second order attempted to be appealed from is the order refusing to open up the judgment, and to allow the Commercial National Bank to intervene.  The appeal is not tenable at this time for the order was a special order made after final judgment, and no appeal was taken within sixty days.

(Comp. Stats., § 421, subd. 3, p. 174.)   That the appeal must be brought within the time specified in the statute or it is lost, see 1 American and English Encyclopedia of Law, 621, and cases cited.

DE WITT, J.—We will first examine the notice of appeal, and ascertain what is before us.   In the notice it is stated that the appellant appeals from the order of the court refusing to open the default, and refusing to allow the Commercial National Bank to intervene.   These orders were made September 13, 1892, upon a motion made June 23, 1892.   These were special orders, made (September 13th) after final judgment, which was entered June 18th.   An appeal from a special order made after final judgment must be taken within sixty days. (Code Civ. Proc., § 421.)   This appeal was taken February 1, 1893, which was much more than sixty days after September 13th, the date of the orders.   Therefore, as contended by respondent, the appeal from the order refusing to open the default and allow the bank to intervene is not before us for review.   We cannot, therefore, inquire into the merits of the application to intervene.

Looking further into the notice of appeal, we find that it purports to appeal from some orders which are not appealable, but we think it is fairly construable as an appeal from the judgment.   It appeals from "the order and judgment entering judgment."   To state that an appeal is from a "judgment entering judgment" is not apt or well-chosen language, but we are of opinion that the intention is expressed to appeal from the judgment, and that we should so construe it.   On the appeal from the judgment we may examine the action of the court as to the alleged demurrer of the Commercial National Bank.   It is observed by the record that the court did not overrule the alleged demurrer, but, on the contrary, ignored it altogether, treated it as naught, and rendered judgment as if there were no demurrer filed, and upon the theory that the defendant was in default.   It is clear that the defendant itself, the alleged boat, did not appear, answer, or demur in this case. Its default was entered after the time for appearing expired, and judgment was rendered against it.   But was the filing by

the Commercial National Bank of the demurrer an appearance of the defendant boat?

Section 216 of the chapter of the Code of Civil Procedure, upon the "Attachment of Boats," provides that "any person, master, agent, clerk, consignee, or other person interested in the boat, may appear by himself, his agent, or attorney, for the defendant, and conduct the defense of the suit."

The bank, in its demurrer, states that it has an interest in the boat as a creditor, but the bank does not appear for the defendant. It appears for itself. The demurrer states that it is the bank that demurs. The attorneys sign the demurrer as attorneys for the bank, and not for the defendant. The appeal to this court is taken by the bank, and not by the defendant. Whatever the bank attempted it attempted for itself. It is a creditor trying to get security on the boat, and not a friend of the boat, attempting to defend it. Indeed, the whole contention of the bank in this case is, not that the boat or the owners thereof are aggrieved, but that the bank is injured, and seeks redress by appeal. Therefore, the attempted appearance being by the bank for itself, and not for the boat, and the boat not having appeared in the case below, judgment was properly rendered against it.

Therefore, taking the ground, as the record shows is the fact, that the bank acted for itself in filing the demurrer, did it thus get into court and the case, and become a party to this action? It was not a party when the complaint was filed and the summons issued. It did not become a party by intervening, as permitted by the Code of Civil Procedure, section 24. It was not brought into the case by the court in pursuance to section 26 of the Code of Civil Procedure, nor by the provisions of section 27. If the bank ever became a party in this case, it became so simply by filing the demurrer. But we do not understand what authority it had to file that alleged pleading. The person who may demur to a complaint is the defendant. (Code Civ. Proc., § 87.) The bank was not a defendant. Indeed, the bank neither is now, nor ever was, a plaintiff or a defendant or an intervenor. It is an outsider as to this case. It may be conceded, in this discussion, that the facts were such that the bank could have become an intervenor by properly proceeding

in time under the provisions of section 24 of the Code of Civil Procedure. That section (24) is as follows:

"Any person may, before the trial, intervene in an action or proceeding who has an interest in the matter of litigation in the success of either of the parties, or an interest against both. An intervention takes place when a third person is permitted to become a party to an action or proceeding between other persons, either by joining the plaintiff in claiming what is sought by the complaint, or by uniting with the defendant in resisting the claims of the plaintiff, or by demanding any thing adversely to both the plaintiff and defendant, and is made by complaint, setting forth the grounds upon which the intervention rests, filed by leave of the court, and served upon the parties to the action or proceeding who have not appeared, and upon the attorneys of the parties who have appeared, who may answer or demur to it as if it were an original complaint."

It is observed that this statute provides how a person may come into a case who has an interest in the litigation, or in the success of either of the parties, or against both. He may not come in of his own motion or "of course." He must make a showing by complaint. He must have leave of court to file the complaint. That pleading must be served upon the other parties, who may answer or demur; and the court must determine whether a proposed intervenor may come into the case. But this bank ignored all these rules of practice and statute. Being an outsider and stranger to the suit as commenced, it never asked leave of court to come into the case. It never presented any complaint to which the parties already in could have demurred or answered. It never gave the court opportunity to determine whether it had a right to intervene. But it steps into the case with its demurrer, and says that it has an interest in the litigation; and this statement, by itself, it determines for itself, in its own favor. It comes into the case "of course," and upon its own motion, and without leave. It is clear that section 24 provides that the court, and not the intervenor, determines all these matters. Under these views, we are of opinion that the district court committed no error when it simply disregarded the demurrer filed by the bank, and entered judgment for plaintiff.

Some very important questions have been argued in this case; for example, as to whether the alleged boat was, under the allegations of the complaint, a boat, and whether a cause of action was shown as to the claims which were assigned to plaintiff. The constitutionality of the statute (title 7, c. 5) is also questioned. But it appears that we have no jurisdiction of this appeal. We have no jurisdiction to open the default and allow intervention, because, as shown above, that appeal was not taken within the time prescribed by statute. (Code Civ. Proc., § 421.) Again, we have no jurisdiction to disturb the judgment, because no person who was ever a party thereto has appealed.

We see no other course but to dismiss the appeal, and it is accordingly so ordered.

PEMBERTON, C. J., and HARWOOD, J., concur.