DIETRICH, APPELLANT, *v.* MARTIN, ET AL., RESPONDENTS.

[No. 1,200.]

[Submitted April 10, 1900.   Decided May 7, 1900.]

*Attachment — Special Statute—"Boats"—Steam Dredge—
Judgment—Invalidity for Want of Jurisdiction—Redeliv-
ery Bond—Action—Nonsuit.*

Compiled Laws, 1887, Division 1, Title VII., Chapter V., providing that any boat found within the waters of the territory is liable for certain debts and demands, and authorizing attachment of such boat therefor, does not include a steam dredge, with an amalgamator attached, used in mining, though termed in plaintiff's complaint a "boat;" and hence where plaintiff recovered a judgment in attachment under such statute against such boat, which was retaken by defendant on a redelivery bond, plaintiff cannot afterwards recover on such bond, since the court was without jurisdiction to render the original judgment.

*Appeal from District Court, Gallatin County; F. K. Armstrong, Judge.*

ACTION by Louis Dietrich against J. E. Martin and another on a redelivery bond given in attachment proceedings. From a judgment in favor of defendants, and an order overruling a motion for a new trial, plaintiff appeals. Affirmed.

*Messrs. Luce & Luce,* for Appellant.

*Mr. R. Lee Word,* and *Mr. Rob't B. Smith,* for Respondents.

PER CURIAM.—In 1891 plaintiff commenced an action in the district court of the Ninth judicial district against a "steam dredge and amalgamator," an alleged "boat," described in the complaint as having been used as a steam dredge or shovel, with an amalgamator attached, for dredging streams, and which was at the time of attachment upon the Jefferson river, a nonnavigable stream, in the county of Gallatin, state of Montana. Plaintiff in that action proceeded under Chapter V of Title VII of the First Division of the Code of Civil Procedure (Compiled Statutes of 1887), relating to the attachment of boats, and their liability for certain debts. Summons and warrant for attachment were issued, and attempted service and levy had upon the said boat, under the statutes just referred to. The defendant gave to the sheriff a bond to discharge the "boat" from the levy, and it was thereupon discharged, as provided for by Section 217 of the law mentioned. On January 28, 1892, judgment was rendered in favor of plaintiff in said action; and, appeal having been taken therefrom to this Court, said appeal was dismissed on March 26, 1894. (*Dietrich* v. *Steam Dredge &*

*Amalgamator*, 14 Mont. 261, 36 Pac. 81.) This present action was brought by the plaintiff to recover upon the bail bond which had been given by the defendants for the release of the said ''boat.'' ,One, of the defenses pleaded was want of jurisdiction in the court to render the judgment of January 28, 1892. Upon the trial the district court sustained defendants' motion for a nonsuit upon the ground, among others, that the complaint in the original action did not state facts sufficient to sustain a judgment against the defendants. Judgment was rendered for the defendants. The plaintiff now appeals from said judgment, and from an order overruling his motion for a new trial.

It is only necessary to pass upon a single point, inasmuch as our opinion thereon will dispose of the case. Chapter V of Title VII of the First Division of the Compiled Statutes of 1887, relating to the attachment of boats, never was intended to apply to a steam dredge and amalgamator used for mining purposes, and called a ''boat.'' It is entirely clear to us that such a ''boat'' is but a piece of mining machinery. The statutes referred to affect the liability of boats having contracts of affreightment, or contracts relative to the transportation of persons or property, and perhaps refer to other water craft used upon the streams and lakes in the state. Plaintiff ought to have proceeded in the ordinary way to secure a debt, and not by invoking a special statute which in no way can be extended to embrace mining implements used in the extraction of the precious metals from the gravel of the state.

Being thoroughly satisfied that the facts stated in ''*Dietrich v. Steam Dredge & Amalgamator*'' excluded that case from the provisions of the special statute (Chapter V, Title VII, Compiled Statutes of 1887) upon which the pleading was drafted, and that the court was without jurisdiction to proceed under said chapter to judgment against the supposed ''boat,'' the order and judgment appealed from must be affirmed.

                                                                *Affirmed.*