[Civ. No. 2008. Third Appellate District.—December 3, 1919.]

MERCANTILE TRUST COMPANY OF SAN FRANCISCO, Respondent, v. STOCKTON TERMINAL AND EASTERN RAILROAD COMPANY et al., Defendants; J. A. NESBITT, Appellant.

[1] PLEADING—SUING PERSONS BY FICTITIOUS NAMES—IGNORANCE MUST BE REAL—DUTY TO MAKE INQUIRY.—Where a person is sued by a fictitious name upon the ground that the plaintiff is ignorant of the true name of such defendant, under section 474 of the Code of Civil Procedure, the ignorance of the true name of the defendant must be real and not feigned. It must not be willful ignorance, or such as might be removed by some inquiry or resort to information easily accessible.

[2] ID.—RIGHT OF STRANGER TO APPEAR AS FICTITIOUS NAMED DEFENDANT.—A litigant has a right to select the persons whom he desires to be made defendants in the action; and in an action to foreclose a mortgage, a person not named as a party to the suit and not served as one of those sued by a fictitious name, or otherwise made known by the plaintiff as one of the real persons whom he desired as defendants and whom he sued by fictitious names, has no right to appear therein by demurrer.

[3] ID.—RIGHT OF PLAINTIFF TO DESIGNATE PARTIES SUED.—In an action in which certain fictitious names are stated, it is for the plaintiff to designate by the service of summons whom he intends

to sue under the fictitious names, and not for any and every person in the county to decide for himself whether he is the person intended.

[4] ID.—UNAUTHORIZED APPEARANCE—PLEADING PROPERLY STRICKEN FROM FILES.—Where a person not named as a party to an action attempts to become such by appearing and filing a demurrer as one of the defendants designated by a fictitious name, such demurrer, on motion of the plaintiff, is properly stricken from the files.

APPEAL from a judgment of the Superior Court of San Joaquin County. J. A. Plummer, Judge. Affirmed.

The facts are stated in the opinion of the court.

A. H. Carpenter for Appellant.

J. F. Shuman, Morrison, Dunne & Brobeck and Roland C. Foerster for Respondent.

ELLISON, P. J., *pro tem.*—This action was brought to obtain a decree of foreclosure of a mortgage executed by the defendant Stockton Terminal and Eastern Railway Company to the plaintiff to secure an issue of bonds of said Railway Company.

The defendant Stockton Terminal and Eastern Railway Company was the only defendant designated in the complaint by its true name, and was the only defendant ever served with summons. Several persons were designated in the caption of the complaint and also in the body thereof as First Doe, Second Doe, and so forth, and as to these it was alleged that their true names were unknown to the plaintiff, and it prayed that when their names were ascertained the complaint might be amended by inserting their true names in lieu of said fictitious names.

Before the trial of the action, and without any service of summons on him as one of the defendants whose true name was unknown and who was sued by a fictitious name, and without any service at all of process upon him, one J. A. Nesbitt filed a demurrer to the complaint in the words and figures as follows, to wit: (After the title of the court and cause:) "Comes now J. A. Nesbitt, one of the stockholders of the defendant Stockton Terminal and Eastern Railway Company, and, as the defendant First Doe mentioned and

referred to in the plaintiff's complaint in this action, and demurs to the plaintiff's said complaint on file herein on the ground that the facts therein stated are not sufficient to constitute a cause of action or to entitle plaintiff to any relief whatever, wherefore said defendant prays judgment on this, his demurrer."

Thereafter the plaintiff moved the court to strike said demurrer from the files, which motion was granted.

Mr. Nesbitt appeals from the judgment of foreclosure rendered in this action, and claims that the court erred in striking his demurrer from the files. The only point raised in his appeal is the correctness of the court's ruling in this matter.

Section 474 of the Code of Civil Procedure provides: "When the plaintiff is ignorant of the name of a defendant, he must state that fact in the complaint, and such defendant may be designated in any pleading or proceeding by any name, and when his true name is discovered, the pleading or proceeding must be amended accordingly."

The purpose of this section is obvious from the reading. Cases may arise and do arise where the plaintiff has in mind a person he deems a proper or necessary party defendant, but of whose true name he is ignorant. In such case he may bring his suit, alleging the fact of his ignorance of the true name of the party, and designating him by any name, and when his true name is ascertained amend his pleading by inserting it therein, but it must be a genuine case of ignorance of the true name of the party.

[1] The plaintiff's ignorance of the true name of the defendant must be real and not feigned. It must not be willful ignorance, or such as might be removed by some inquiry or resort to information easily accessible. (*Rosencrantz* v. *Rogers*, 40 Cal. 491.)

[2] It is true, as stated by counsel for respondent, that a litigant has a right to select the persons whom he desires be made defendants in the action.

It must be apparent that if the plaintiff has not in some way made Mr. Nesbitt a party to the action he had no right to appear therein by demurrer. He was not by name a party to the suit, and he was not served as one of those sued by a fictitious name. It was for the plaintiff to make known in some way the real persons whom he desired as defendants

and whom he sued by fictitious names. This he can do by a service of summons on the person, stating that he was the person sued as John Doe, or by recognizing such person as a proper party litigant if he appeared without service of summons.

The plaintiff did neither of these things in this case. That the plaintiff did not sue Mr. Nesbitt under a fictitious name is apparent from the record in the case. His name, as stated, nowhere appears in the complaint. That he was not intended to be made a party to the action sued by the fictitious name of First Doe finds support in the fact that he did not have any summons served upon him, and by the affirmative act of the plaintiff in that, after he had appeared in the action, the plaintiff made his motion to have his demurrer stricken from the files. If he were the person intended to be designated in the complaint as First Doe, and if the plaintiff had selected him as one of the persons he was suing, he would not have moved to have him dismissed from the action. His voluntary appearance would have been to the benefit of the plaintiff if he desired him as a defendant, in that by so doing it saved him the trouble and expense of getting service upon him.

It would be a novel proposition that in an action wherein certain fictitious names are stated, with the further allegation that their true names are unknown, any person in the county could, without service upon him, decide for himself that he was the person intended to be sued and make his appearance in the case against the wishes of the plaintiff.

[3] Mr. Nesbitt had no more right to assume that he had been sued as First Doe than any other stockholder of the company, or any other resident of San Joaquin county. In other words, it was for the plaintiff to designate by the service of summons whom he intended to sue under the fictitious name of First Doe, and not for any and every person in the county to decide for himself whether he was the person intended.

The case of *Dietrich* v. *Steam Dredge Co.*, 14 Mont. 261, [36 Pac. 81], throws much light on the matter in review. It appears from the statement of the case that in Montana there is an act of the legislature providing for an action *in rem* against a boat to recover for work and labor done upon and with the same. The act provides that any person,

master, agent, clerk, or consignee, or other person interested in the boat, may appear by himself, as agent or attorney for the defendant, and conduct the defense of the suit. Within the time allowed by law to file an answer or demurrer, the Commercial National Bank filed a demurrer to the complaint. The default of the boat was entered and judgment rendered the plaintiff for the amount sued for. At no stage of the proceedings did the court pass upon the demurrer of the Commercial National Bank. It simply ignored it. From this judgment the Commercial National Bank appealed. The supreme court of Montana decided that the bank never became a party to the suit, and in discussing the matter used the following pertinent language: "It [the bank] was not a party when the complaint was filed and the summons issued. It did not become a party by intervening, as permitted by Code Civ. Proc., sec. 24. It was not brought into the case by the court in pursuance to Id., sec. 26, nor by the provisions of Id., sec. 27. If the bank ever became a party in this case, it became so simply by filing the demurrer. But we do not understand what authority it had to file that alleged pleading. The person who may demur to a complaint is the defendant. Id., sec. 87. The bank was not a defendant. Indeed, the bank neither is now, nor ever was, a plaintiff or a defendant or an intervener. It is an outsider, as to this case. It may be conceded, in this discussion, that the facts were such that the bank could have become an intervener by properly proceeding in time under the provisions of Id., sec. 24. That section (24) is as follows: 'Any person may, before the trial, intervene in an action or proceeding, who has an interest in the matter of litigation in the success of either of the parties, or an interest against both. An intervention takes place when a third person is permitted to become a party to an action or proceeding between other persons, either by joining the plaintiff in claiming what is sought by the complaint, or by uniting with the defendant in resisting the claims of the plaintiff, or by demanding anything adversely to both plaintiff and defendant, and is made by complaint, setting forth the grounds upon which the intervention rests, filed by leave of the court, and served upon the parties to the action or proceeding who have not appeared, and upon the attorneys of the parties who have appeared, who may answer or demur to it as if it were an original complaint.'

It is observed that this statute provides how a person may come into a case who has an interest in the litigation, or in the success of either of the parties, or against both. He may come in of his own motion or, 'of course.' He must make a showing by complaint. He must have leave of court to file the complaint. That pleading must be served upon the other parties who may answer or demur; and the court must determine whether a proposed intervener may come into the case. But this bank ignored all the rules of practice and statute. Being an outsider and stranger to the suit as commenced, it never asked leave of court to come into the case. It never presented any complaint to which the parties already in could have demurred or answered. It never gave the court opportunity to determine whether it had a right to intervene. But it steps into the case with its demurrer, and says that it has an interest in the litigation; and this statement, by itself, it determines for itself, in its own favor. It comes into the case 'of course,' and upon its own motion, and without leave. It is clear that section 24 provides that the court, and not the intervener, determines all these matters. Under these views, we are of opinion that the district court committed no error when it simply disregarded the demurrer filed by the bank, and entered judgment for plaintiff.''

The argument above quoted leaves nothing to be added.

If it were true that Mr. Nesbitt, as a stockholder of the defendant corporation, had an interest which he felt it was his duty to protect by becoming a party to the suit, the law pointed out the method for him to pursue. He could have asked leave of the court to file a petition in intervention, and then, as stated above, the court and not Mr. Nesbitt would have passed upon the question of whether he had such an interest in the suit and in the litigation as made it proper for him to become a party thereto.

In *Waymire* v. *San Francisco Ry. Co.*, 112 Cal. 646, [44 Pac. 1086], it is said: "If the corporation refused to answer the foreclosure complaint, or, having properly and fully answered, probably would not prosecute the defense in good faith, then, upon a proper application to the court, the stockholders would have been permitted to intervene, and to plead and prove all material facts alleged in their complaint in this action, and also to cause the necessary parties to be brought in.''

As to Mr. Nesbitt's point that, "It is irregular to enter judgment against a defendant in whose behalf a demurrer has been filed without disposing of the demurrer and a judgment so entered will be reversed on appeal," it may be said that in all the cases cited by him bearing thereon it appears the defendants who had filed demurrers were *defendants, parties to the suit,* and properly before the court. Mr. Nesbitt was not a defendant, was not a party to the suit, and was not properly before the court. It is a *defendant's* demurrer that must be disposed of before a judgment can properly be entered, but not a paper filed by a stranger to the litigation. It may be added that the so-called demurrer was properly disposed of in this case before the entry of judgment.

[4] The court committed no error in striking the demurrer of Mr. Nesbitt from the files. This disposes of the case upon its merits, and an order will be entered affirming the judgment.

A motion has also been made by the respondent to dismiss the appeal, but, as the case has been disposed of upon other grounds, it is not necessary to pass upon the motion.

Hart, J., and Burnett, J., concurred.