HENDERSON ET AL., ADMRS., RESPONDENTS, *v.* DANIELS, APPELLANT.

(No. 4,640.)

(Submitted January 31, 1922.   Decided February 20, 1922.)

[205 Pac. 964.]

*Real Property — Contracts of Sale — Cancellation of Instruments—Forfeitures—Estates of Deceased Persons—Executors and Administrators—Foreign Wills—Probate—Copies —Attestation—Judgments—Collateral Attack.*

Forfeitures—Strict Interpretation.
     1.  A condition involving a forfeiture must be strictly interpreted against the party for whose benefit it is created.
Contracts—Condition Precedent—Definition.
     2.  A condition precedent in a contract is an act to be performed by one party to it before the accruing of a liability of the other party, and must be pleaded and proved.

Same—Condition Precedent—Intention of Parties.

3. What is a condition precedent depends not on the technical words, but on the plain intention of the parties to be deduced from the whole instrument.

Same—Performance of Act—"Reasonable Time."

4. A "reasonable time" within which to do an act is so much time as is necessary, under the circumstances, to do conveniently what the contract or duty requires should be done in a particular case; and when the facts are clearly established or are admitted or undisputed, the question of what is a reasonable time is one of law.

Real Property—Contract of Sale—Cancellation—Foreign Executors—Obtaining Power to Execute Deed — Condition Precedent — What not Reasonable Time.

5. Plaintiffs, nonresident executors of the estate of the owner of lands in Montana, entered into a contract with defendant for the sale thereof, one condition of which was that within a reasonable time after entering into it they should secure the necessary authority from the probate court in this state to execute it and make delivery to the vendee. Under the contract the vendee was to forfeit all sums paid by him in case of failure to comply with any of its conditions. He made a down payment of $6,000, the first deferred payment becoming due fourteen months thereafter. Authority to execute the deed was not obtained before the first deferred payment became due and plaintiff defaulted in its payment. Held, in an action to cancel the contract and forfeit the down payment, that the condition that plaintiffs should secure authority to execute the deed, and make delivery of it to defendant, within a reasonable time was a condition precedent to putting defendant in default; that the lapse of fourteen months was not a reasonable time within which to perform that condition, and that absence of an allegation that plaintiffs had performed it rendered the complaint insufficient to state a cause of action.

Executors and Administrators—Appointment—Pleading Order of Appointment—Insufficiency.

6. An allegation that H. "is now the duly appointed, qualified and acting administrator" of an estate was insufficient as a pleading that the administrator had been appointed by an order "duly given or made," as permitted under section 9169, Revised Codes of 1921, to show the jurisdictional fact of his appointment, and admission of evidence in support of it was therefore error.

Probate Proceedings—Foreign Will—Attestation of Copies—Insufficiency.

7. Under sections 10040 and 10555, Revised Codes of 1921, an attestation by the clerk of a probate court of another state that papers constituting the record of proceedings in that court were true and correct copies of the will and its probate there, without a certificate of the judge "that the attestation is in due form," was insufficient to entitle them to be admitted in evidence in this state, not being duly authenticated as required by section 10040.

Same—Foreign Will—Probate in This State—Lack of Jurisdiction.

8. The filing of a petition for the probate of a foreign will unaccompanied "by a copy of the will duly authenticated" as required by section 10040, Revised Codes of 1921, did not confer jurisdiction upon the district court to make an order admitting it to probate in this state.

8. On ancillary probate at testator's domicile after probate in other jurisdiction, see notes in 7 **Ann. Cas.** 313; 1 **L. R. A.** (n. s.) 996.

Judgments—Collateral Attack.
9.  A judgment of a court of general jurisdiction may be collaterally attacked when want of jurisdiction affirmatively appears from an inspection of the record.

*Appeal from District Court, Fergus County; Jack Briscoe, Judge.*

ACTION by S. S. Henderson and another against H. E. Daniels. From a judgment for plaintiffs and an order denying a new trial, defendant appeals. Reversed and remanded, with directions.

*Messrs. Belden & De Kalb* and *Mr. Merle C. Groene,* for Appellant, submitted a brief; *Mr. O. W. Belden* argued the cause orally.

The contract in its entirety leaves no doubt but that it was the intention of the parties thereto that the deed and abstract would be prepared, executed and put in escrow at the bank within a short time after the execution of the agreement. This means, of course, that the respondents were to get the proper court authority and furnish a good and marketable title. In the construction of contracts like this one the undertakings of the respective parties are always considered dependent unless a contrary intention appears. (*Bank of Columbia* v. *Hangar,* 26 U. S. 464, 7 L. Ed. 223 [see, also, Rose's U. S. Notes]; *Ink* v. *Rohrig,* 23 S. D. 548, 122 N. W. 594; *Parker* v. *Parmele,* 20 Johns. 130, 11 Am. Dec. 253; *Shinn* v. *Roberts,* 20 N. J. L. 435, 43 Am. Dec. 636; *Stein* v. *Waddell,* 37 Wash. 634, 80 Pac. 184; 39 Cyc. 1306.) A cursory examination of the complaint in this action shows no pleading of performance, no pleading of an offer to perform and no allegation whatever with respect to the plaintiffs having made good their part of the contract. In order to state a cause of action the complaint must show that plaintiff has done and performed all conditions by him to be performed. (*Sutton* v. *Lowry,* 39 Mont. 462, 104 Pac. 545; *Harris* v. *Root,* 28 Mont. 159, 72 Pac. 429.)

Sections 7405 to 7406, inclusive, Revised Codes of Montana of 1907, make a production of the copy of the will and the probate thereof "duly authenticated" a jurisdictional fact that must exist before the district court in Montana could have any authority whatsoever to act. (11 R. C. L. 77.) In section 7911 it is provided what the words "duly authenticated" mean. How can it be said that a district court of this state can find from the face of the record that the same is "duly authenticated," when the record itself shows that it is not "duly authenticated." (See *Rowe v. Barnes,* 101 Iowa, 302, 70 N. W. 197; *Caperton* v. *Ballard,* 81 U. S. 238, 20 L. Ed. 885 [see, also, Rose's U. S. Notes]; *Brack* v. *Morris,* 90 Kan. 64, 132 Pac. 1185; *Williams* v. *Duncan,* 92 Ky. 125, 17 S. W. 330; *Wells Fargo Co.* v. *Davis,* 105 N. Y. 670, 12 N. E. 42; *Northwestern Mut. Life Ins. Co.* v. *Stevens,* 71 Fed. 258, 18 C. C. A. 107; *Westerman* v. *Sheppard,* 52 Neb. 124, 71 N. W. 950; *Cooley* v. *Kelly,* 52 Ind. App. 687, 96 N. E. 368.)

*Mr. Ralph J. Anderson,* for Respondents, submitted a brief and argued the cause orally.

Counsel for the appellant assume that the provisions of this contract were concurrent and dependent, but, while it is true that the provisions as to the final payment and the delivery of the deed were concurrent, mutual and dependent, the provisions as to previous installments were not concurrent and dependent. (27 R. C. L. 460; 39 Cyc. 1307; *Sayre* v. *Craig,* 4 Ark. 10, 37 Am. Dec. 757; *Robinson* v. *Harbour,* 42 Miss. 795, 97 Am. Dec. 501; *Biddle* v. *Coryell,* 18 N. J. L. 377, 38 Am. Dec. 521; 27 R. C. L. 460.)

Counsel objected to the admission of plaintiff's exhibit "A," on the trial of the case in the lower court, which was admitted, and have assigned error by reason thereof. The exhibit consisted of all papers in the file of the probate proceeding in Fergus county, Montana, in connection with admission of the will of Eliza J. Henderson to probate and the appointment of an administrator with the will annexed. Sec-

tions 7404–7406, inclusive, of Revised Codes provide the method of admitting foreign wills for probate. These sections were adopted from California (secs. 1322–1324, Cal. Code Civ. Proc.). The principal ground for the objection to the admission of this exhibit in evidence was that the certificate attached to the will from the state of Illinois was insufficient to prove anything. This precise question was before the supreme court of the state of California in the case of *Goldtree* v. *McAllister,* 23 Pac. ·207, and it was there held that such an objection could only be raised on a direct attack, as on appeal, but not collaterally in an independent proceeding.

We will doubtless be met with the contention that a foreign executor cannot execute a conveyance to real estate under a power in a will where the real estate sought to be conveyed is located in a foreign state. It is true that the executor, as such, cannot execute a power in a foreign state, but where the power is vested in the executor individually, and not by virtue of his office, as is true under the will in this case, such foreign executor may convey property in a foreign state. (11 R. C. L. 405; *Newton* v. *Bronson,* 13 N. Y. 587, 67 Am. Dec. 89 (see note on page 105) ; *Woolworth* v. *Root,* 40 Fed. 723; *Morrfew* v. *San Francisco & S. R. R. Co.,* 107 Cal. 587, 40 Pac. 810.)

An attempt was made in the trial of this case to excuse the appellant from accepting the deed as conveying a marketable title, upon the ground that counsel in their opinions for various parties from whom he sought to make a loan had held the title not to be marketable, but the opinion of counsel, if erroneous, is no excuse for failure to perform the contract. (27 R. C. L. 492; *Winter* v. *Stock,* 29 Cal. 407, 89 Am. Dec. 57; *Montgomery* v. *Pacific Coast Land Bureau,* 94 Cal. 284, 28 Am. St. Rep. 122, 29 Pac. 640.)

MR. CHIEF COMMISSIONER STARK prepared the opinion for the court.

The record in this case discloses that on the twenty-eighth day of December, 1916, S. S. Henderson, of Monmouth,

Illinois, and David W. Henderson and Lizzie L. Hickman, respectively the executor and executrix of the last will and testament of Eliza J. Henderson, deceased, of Monmouth, Illinois, in their own right, and for and on behalf of the estate of Eliza J. Henderson, deceased, under a power contained in the will of said Eliza J. Henderson, deceased, as the parties of the first part, entered into a contract with E. H. Daniels, of Lewistown, Montana (the defendant herein), as party of the second part, by the terms of which the parties of the first part agreed to sell and convey to the party of the second part, and the party of the second part agreed to purchase from them, a tract of land located in Fergus county, Montana, for the sum of $29,900, of which amount $6,000 was to be paid in cash, upon the execution of the agreement and the deposit of the same in escrow with the First National Bank of Lewistown, together with a warranty deed conveying the land to the party of the second part. The balance of the purchase price was to be paid as follows, to-wit: $4,000 on or before March 1, 1918; $2,000 on or before March 1, 1919; $2,000 on or before March 1, 1920; and $2,900 on or before March 1, 1921.

Upon making the above payments, the party of the second part had the privilege of executing a note to the first parties for the balance of $13,000, bearing interest at the rate of six per cent per annum, payable March 1, 1924, secured by a first mortgage covering the premises, and on delivery of the same to the bank, to receive the deed. The party of the second part was given the right to make any or all of said installment payments at any time he saw fit, whether due or not, and upon doing so and executing the note and mortgage above mentioned, to receive the deed from the bank. There was a further provision in the contract, "that within a reasonable time after the execution of these presents the parties of the first part shall secure such authority as may be required to execute and deliver said deed and shall procure at their own expense an abstract of title to all said lands,

showing a good and marketable title, or title that will be unencumbered at the date of the delivery of said deed.'' The contract also contained a clause forfeiting the $6,000 paid, in the event of the failure of the party of the second part to complete the purchase of said land.

The defendant did not pay the installment due March 1, 1918, and thereafter the plaintiffs commenced this suit to cancel the contract and declare a forfeiture of the $6,000 paid thereon.

An amended complaint was filed May 9, 1919, the first two paragraphs of which are as follows:

''I. That Ivan Henderson is now duly appointed, qualified, and acting administrator of the estate of Eliza J. Henderson, deceased, with the Will Annexed.

''II. That prior to the twenty-eighth day of December, 1916, David W. Henderson and Lizzie L. Hickman were appointed respectively executor and executrix by the county court of Warren county, Illinois, and ever since said time have been, and now are, respectively, executor and executrix of the last will and testament of Eliza J. Henderson, deceased, in the said state of Illinois.''

The complaint sets out the terms of the agreement above referred to; the default of the defendant in making the payment of March 1, 1918; that demand had been made on the defendant for the same; that immediately after the execution of the agreement the defendant entered into possession of the premises and has remained in possession at all times down to the commencement of the suit; that the rental value of the premises during the time the same were so occupied by the defendant exceeded the amount paid by the defendant to the plaintiff; and that the existence of the contract casts a cloud upon the plaintiffs' title to the real estate mentioned. A copy of the contract is attached to and made a part of the amended complaint.

To this amended complaint the defendant filed a general demurrer, which was overruled, and thereafter he filed his

answer denying the allegations of paragraphs I and II above quoted, and admitting all of the other matters alleged, except the rental value of the premises, and that the contract constituted a cloud upon the title to the land.

As a separate defense, the answer alleged that, by reason of the provisions of the contract, it was the duty of the plaintiffs, within a reasonable time, to secure and deliver a deed and abstract showing a good and marketable title or title that would be unencumbered at the date of delivery thereof, and to procure authority from the proper court to execute and deliver the deed therein mentioned, that the plaintiffs had willfully failed and neglected to do this, and thereby the defendant had been greatly hampered and embarrassed in complying with the contract for the reason that he was to have the right of taking up the contract and paying the balance due at any time he chose, and that he had been prevented from exercising this option on account of this neglect of the plaintiffs, of which fact they had been advised prior to the bringing of the suit; that the provisions of the contract concerning payment and the delivery of the deed and furnishing of the abstract of title were and are concurrent conditions, and that payment was not due until the plaintiffs had complied with the terms of said contract.

The case was tried before the court without a jury, and resulted in findings and a decree in favor of the plaintiffs.

Defendant moved for a new trial, which was denied, and the case is now before this court on appeal from the judgment and from the order overruling the motion for a new trial.

At the beginning of the trial defendant objected to the introduction of any evidence by plaintiffs on the ground that the amended complaint fails to state facts sufficient to constitute a cause of action, which objection was overruled.

Thereupon plaintiffs offered in evidence all of the papers in the matter of the Estate of Eliza J. Henderson, in the district court of Fergus county, Montana, consisting of a peti-

tion filed by the plaintiff Ivan Henderson on October 14, 1918, for the probate of the last will and testament of Eliza J. Henderson, deceased, setting forth the fact of the death of decedent in Warren county, Illinois, that she left real estate in Fergus county, Montana, and that she left a will bearing date March 25, 1914, which has been proved, allowed and admitted to probate in the county court of Warren county, state of Illinois, a court of competent jurisdiction, and that an authenticated copy of such proceedings is exhibited and presented with said petition. The petition contains other recitals describing the property of the estate in Fergus county, the names of the heirs, that David W. Henderson and Lizzie L. Hickman are named as executor and executrix of said will, but that they do not reside in Montana, and refuse to act as such.

The documents filed with this petition purporting to be the authenticated copy of probate proceedings in Warren county, Illinois, consist of: (1) Petition for probate of the last will and testament of Eliza J. Henderson, deceased; (2) orders for hearing; (3) certificate of mailing notice by clerk; (4) order admitting will to probate; (5) oath of executor and executrix; and (6) letters testamentary and certified copy of the last will and testament of the deceased. To these papers is attached a certificate of the clerk of the county court of Warren county to the effect that said papers are true and correct copies thereof, as the same appear of record in his office.

The balance of the papers included in said exhibit "A" consists of an order by the district court of Fergus county, fixing the date for hearing the petition and directing notices to be given, a certificate of proof of will and facts found, and an order of said court admitting the will to probate, and appointing the plaintiff Ivan Henderson as the administrator with the will annexed.

Both the certificate of proof of will and facts found and the order admitting the will to probate and appointing the

plaintiff Ivan Henderson as administrator with the will annexed disclose that the only testimony introduced in support of the petition at the hearing consisted of the copies of the proceedings had in the county court of Warren county, Illinois, as above set out.

The defendant objected to the introduction of this exhibit "A" in evidence upon grounds which will be discussed later on in this opinion, and the objection was overruled.

In the view of the case which we entertain, there are but two propositions which require discussion and these are: (1) Does the complaint state a cause of action? (2) Did the court err by admitting in evidence plaintiffs' exhibit "A"?

I.    In order to answer the first proposition it is necessary to examine and construe certain provisions of the contract upon which the action is based. According to the amended complaint Eliza J. Henderson died in Illinois, and two of the parties of the first part in the contract, *viz.,* David W. Henderson and Lizzie L. Hickman, were prior to its date appointed executor and executrix respectively of her will in the county court of Warren county, Illinois.

At the time the contract was entered into this will had not been admitted to probate in the state of Montana, so the executor and executrix were not in a position to fulfill the covenants of the contract on their part to convey a marketable title of the interests of the estate in the lands, for the reason "that the authority of * * * an executor or administrator does not extend beyond the jurisdiction of the government under which he was invested with his authority." (Sec. 10563, Rev. Codes 1921.)

In order to protect the rights of the defendant, and to guarantee him a good title to the lands which he agreed to purchase, the contract provided that the parties of the first part should within a reasonable time after its execution "secure such authority as may be required to execute and deliver said deed." This provision can have only one meaning, *i. e.,* that they should have the will of Eliza J. Henderson admitted

to probate in Montana, to the end that court proceedings might be taken to obtain authority to make the sale and have it confirmed, if such were found to be necessary, or, in the event the provisions of the will were sufficient to authorize the sale and conveyance without authority from the court, that the will should be legally shown of record in the county where the lands are situated, so that the parties of the first part would be able to perform the other covenants of the contract and convey a marketable title, and have the same shown in the abstract of title which they likewise agreed to furnish within a reasonable time.

The contract contains a provision to the effect that, if the party to the second part shall fail to comply with its terms and provisions, he shall forfeit as liquidated damages all sums theretofore paid by him.

A condition involving a forfeiture must be strictly in-[1–4] terpreted against the party for whose benefit it is created. (Sec. 7408, Rev. Codes 1921; *Finley* v. *School Dist. No. 1*, 51 Mont. 411, 153 Pac. 1010; *Smith* v. *Hoffman*, 56 Mont. 299, 184 Pac. 842.)

This covenant to secure authority to execute and deliver the deed imposed a duty upon the parties of the first part alone, and the inquiry presents itself whether it was necessary that it should be fulfilled at or before the time when the first deferred payment of $4,000 became due; that is, whether this provision of the contract created a condition precedent to the rights to enforce payment of this amount.

"A condition precedent in a contract is an act to be performed by one party before the accruing of a liability of the other party, and it must be pleaded and proven. (Chit. Cont. (11th Am. ed.) 1083.) What is a condition precedent depends, not upon technical words, but upon the plain intention of the parties, to be deduced from the whole instrument." (*Ketchum* v. *Belding*, 58 App. Div. 295, 68 N. Y. Supp. 1100.)

"Reasonable time" is defined to be so much time as is necessary, under the circumstances, to do conveniently what

the contract or duty requires should be done in a particular case. (*Bowen* v. *Detroit City Ry. Co.*, 54 Mich. 496, 52 Am. Rep. 822, 20 N. W. 559. See, also, various definitions given in 7 Words and Phrases, 5977, First Series.) When the facts are clearly established or are admitted or undisputed, the question of what is a reasonable time is one of law. (*Hill* v. *Hobart*, 16 Me. 164; *McFadden* v. *Henderson*, 128 Ala. 221, 29 South. 640.)

Bearing in mind the fact that, when this contract was exe- [5] cuted, the parties of the first part therein did not have authority to make a conveyance in Montana of the interest of Eliza J. Henderson in the lands agreed to be conveyed; that they agreed to obtain such authority within a reasonable time; that until this authority had been obtained the attempted conveyance of the interest of the estate in the lands under the deed deposited in escrow would not vest in the defendant a marketable title, or any legal title at all; that the first installment of the deferred payments did not become due until fourteen months after the date of the contract; that the defendant had the right to make any or all of said deferred payments at any time he saw fit, whether the same were due or not, and then receive the deed; that all the proceedings necessary to obtain this authority might easily have been taken in much less time than the fourteen months intervening between the date of the contract and the time when the first deferred payment became due; and also that the conditions of the contract must be strictly interpreted against the parties of the first part—we cannot escape the conclusion that it was the plain intention of the parties at the time they entered into this contract that the authority to execute and deliver the deed should be secured before the time when the deferred payment of $4,000 became due on March 1, 1918.

If further argument were necessary, we might advert to the fact that at the trial the first thing which plaintiffs attempted to prove was that authority to make and deliver the con-

veyance had in fact been secured in Montana by proceedings instituted in the district court of Fergus county prior to the commencement of this suit, and to the further fact that at the trial there was evidence introduced tending to show that in the year 1918 the defendant had arranged to borrow money, secured by mortgage upon the land in question, to pay up the entire purchase price, and was prevented from completing the loan solely by reason of the fact that he could not show good title to the land.

From the foregoing conclusion it follows that, before the plaintiffs could put the defendant in default for failure to make the payment of March 1, 1918, it was necessary that they should plead and prove that they had complied with their agreement to secure authority to execute and deliver the deed. The amended complaint does not contain any allegation that they had done so, and therefore does not state a cause of action. (Sec. 7405, Rev. Codes 1921; *Porter* v. *Plymouth Gold Min. Co.,* 29 Mont. 347, 101 Am. St. Rep. 569, 74 Pac. 938; *Ketchum* v. *Belding, supra.*)

II.   The foregoing might well dispose of this appeal, but we deem it advisable to consider the second proposition, *viz.*: Did the court err by admitting in evidence plaintiffs' exhibit "A," being the record in the matter of the estate of Eliza J. Henderson, deceased, in Fergus county, Montana?

The defendant objected to this testimony upon two grounds, [6] the first of which was: "That there is no pleading that the administrator with the will annexed was appointed by an order duly given or made, and there is no pleading in lieu of the short cut allowed by the statute, setting up the jurisdictional facts showing or tending to show that the administrator with the will annexed was duly appointed by this court."

Paragraph I of the amended complaint, quoted above, is the only reference made to the appointment of the plaintiff Ivan Henderson as the administrator with the will annexed of the Henderson estate. Reading this paragraph in connection

with the provisions of the statute (sec. 9169, Rev. Codes 1921) and the numerous decisions of this court concerning the same (*Harmon* v. *Comstock Horse & C. Co.*, 9 Mont. 243, 23 Pac. 470; *Weaver* v. *English*, 11 Mont. 84, 27 Pac. 396; *Walter* v. *Mitchell*, 25 Mont. 385, 65 Pac. 5; *State* v. *Lagoni*, 30 Mont. 472, 76 Pac. 1044; *Mears* v. *Shaw*, 32 Mont. 575, 81 Pac. 338) shows that the objection was well taken and should have been sustained.

A further objection to the introduction of plaintiffs' exhibit [7] "A" in evidence was that the records embraced therein affirmatively disclose that the court of Fergus county had no jurisdiction to appoint the plaintiff Ivan Henderson as administrator with the will annexed of the estate of Eliza J. Henderson, deceased.

Section 10040 of the Revised Codes of 1921, with reference to the probate of foreign wills, provides: "When a copy of the will and probate thereof, duly authenticated, shall be produced by the executor, or by any other person interested in the will, with a petition for letters, the same must be filed, and the court or judge must appoint a time for the hearing, notice whereof must be given," *etc.*

Under the provisions of section 10555, Revised Codes of 1921, the judicial record "of a sister state may be proved by the attestation of the clerk, and the seal of the court annexed, if there be a clerk and a seal, together with a certificate of the chief judge or presiding magistrate, that the attestation is in due form."

There is attached to the purported record of the probate proceedings from Warren county, Illinois, which were filed with the petition for the probate of the will in the district court of Fergus county, only a certificate or attestation by the clerk of said court to the effect that the same are true and correct copies thereof as the same appear of record in his office, but there is no certificate whatever of any judge or magistrate "that the attestation is in due form." In the case of *Adams* v. *Stenehjem*, 50 Mont. 232, 146 Pac. 469, the certi-

fied copy of a judgment-roll from a district court of North Dakota was offered in evidence, attested by the clerk of the court, to which was attached a certificate of the judge of the court, which failed to state that the attestation by the clerk was "in due form." Construing section 10555, *supra,* in connection with section 1, Article IV, of the Constitution of the United States, and section 905, United States Revised Statutes (U. S. Comp. Stats., sec. 1519), this court said: "In the absence of such certificate [of the judge] as the federal statute and our Code prescribe, the copy is not entitled to be admitted. This rule is recognized universally."

Therefore "the copy of the will and the probate thereof" produced by the plaintiff Ivan Henderson with his petition was not "duly authenticated" as required by section 10040, *supra.*

Did the filing of this petition, unaccompanied "by a copy [8] of the will duly authenticated," confer jurisdiction upon the court to ultimately make an order admitting the will to probate? We think it did not. In the case of *Crawford* v. *Pierse,* 56 Mont. 371, 185 Pac. 315, this court, discussing the method by which a district court acquires jurisdiction, said: "It can acquire jurisdiction of a particular civil case only by the filing of a written complaint, * * * which, besides the formal parts, must contain a statement of the facts constituting the cause of action, in ordinary and concise language. * * * The court cannot redress a particular wrong unless the facts constituting the wrong are made manifest to it in a written complaint, as provided by the statute. It is only by this means that its general power can be brought into activity in a given case. If the pleading is not sufficient to put the defendant in the wrong, the court cannot grant redress. A judgment based upon such a pleading is invalid." The same reasoning applies with equal force to a petition for the probate of a foreign will. The statute *supra* requires that a petition for its probate must be accompanied by "a copy of the will and the probate thereof duly authenticated."

Until this is done, the court does not acquire jurisdiction of the subject matter and is without authority to make the ultimate order admitting the will to probate.

Counsel for plaintiffs urge that this matter may not be [9] inquired into in this proceeding, because it is a collateral attack on a judgment or order entered in another case, and in support of this contention cite the case of *Goldtree* v. *McAlister*, 86 Cal. 93, 23 Pac. 207, 24 Pac. 801.

We do not agree with the decision in the *Goldtree Case*. Indeed, in a later California case, *Estate of Clark*, 148 Cal. 108, 113 Am. St. Rep. 197, 7 Ann. Cas. 306, 1 L. R. A. (n. s.) 996, 82 Pac. 760, that court, referring to the *Goldtree Case*, said: "Question may be raised over the strict logic of that opinion, but no doubt can exist as to the strong necessity which called it forth."

In 15 R. C. L. 895, it is said: "While it is generally held that the presumption in favor of judgments of courts of general jurisdiction is conclusive on collateral attack where no want of jurisdiction is apparent on the record, yet it is equally well settled that such judgments may be collaterally attacked when a want of jurisdiction affirmatively appears from an inspection of the record." To the same effect are the cases of *Dietrich* v. *Martin*, 24 Mont. 145, 81 Am. St. Rep. 419, 60 Pac. 1087; *Burke* v. *Interstate Sav. & L. Assn.*, 25 Mont. 315, 87 Am. St. Rep. 416, 64 Pac. 879; *Crawford* v. *Pierse, supra,* and *Wall* v. *Wall*, 123 Pa. 545, 10 Am. St. Rep. 549, 16 Atl. 598.

Our conclusion is that the petition filed by the plaintiff Ivan Henderson, with the accompanying papers, did not confer jurisdiction of the estate of Eliza J. Henderson, deceased, upon the district court of Fergus county, and that the objection to plaintiffs' exhibit "A" should also have been sustained upon the second ground stated.

For the reasons above indicated, this cause must be reversed, and, since the record discloses that the plaintiffs cannot amend the complaint so as to state facts constituting a

cause of action, we recommend that the judgment and order appealed from be reversed, and the cause remanded to the district court, with instructions to enter judgment dismissing the complaint.

PER CURIAM: For the reasons given in the foregoing opinion, the judgment and order appealed from are reversed and the cause is remanded to the district court, with instructions to enter judgment dismissing the complaint.

*Reversed.*

---

### ON MOTION FOR REHEARING.

MR. CHIEF COMMISSIONER STARK prepared the opinion for the court.

On motion for rehearing it is urged that the statement in the opinion "that before the plaintiffs could put the defendant in default for failure to make the payment of March 1, 1918, it was necessary that they should plead and prove that they had complied with their agreement to secure authority to execute and deliver the deed" is contrary to the rule laid down by this court in *Arnold* v. *Fraser,* 43 Mont. 540, 117 Pac. 1064. That was a suit in equity, brought to secure a decree canceling a contract for the sale of certain real estate and personal property. The sufficiency of the complaint was attacked, and Mr. Justice Holloway, speaking for the court, said: "It is said that the complaint is open to attack because it fails to allege that the land mentioned in the contract was free from encumbrances and that plaintiffs were able to convey title. If this was an action to recover the purchase price or damages for a breach, such an allegation might be necessary; but in a suit to cancel the contract we are unable to understand what office such an allegation would perform."

· The criticism of the original opinion is doubtless due to the fact that it fails to state the full measure of the relief sought

by the plaintiffs.   The statement in the opinion is: ''The defendant did not pay the installment due March 1, 1918, and thereafter the plaintiffs commenced this suit to cancel the contract and declare a forfeiture of the $6,000 paid thereon.''

As a matter of fact the relief sought by the plaintiffs' amended complaint is in the alternative, and is for a judgment: (1) That the amount due from defendant to plaintiffs be determined, and that by the decree of the court the defendant be . required to specifically perform the contract by paying to the plaintiffs the amount so found due; or (2) upon his failure to pay such amount he be foreclosed of his rights, and the contract of sale be canceled.

The statement in the opinion above referred to should be amplified so as to make it read: ''The defendant did not pay the installment due March 1, 1918, and thereafter the plaintiffs commenced this suit to obtain a judgment and decree of the court ascertaining and determining the amount due from defendant to plaintiffs upon said contract and requiring the defendant to specifically perform said contract by paying such amount, or, upon his failure so to do, he be foreclosed of his rights thereunder and such contract be canceled.''

With this modification of the statement referred to, the holding of the original opinion is in entire accord with the rule laid down in *Arnold* v. *Fraser, supra.*

We recommend that the original opinion be modified as above indicated, and that the motion for a rehearing be denied.

PER CURIAM: For the reasons given in the foregoing opinion, the original opinion is modified as indicated, and the motion for rehearing is denied.