[Civ. No. 16663.   Second Dist., Div. One.   Dec. 23, 1948.]

M. M. MILSTEIN, Respondent, v. FRED TURNER, Appellant.

Walter Gould Lincoln for Appellant.

Joe Wapner for Respondent.

DORAN, J.—The present appeal is from a judgment quieting title in the plaintiff to certain lands in Los Angeles County. The plaintiff Milstein relied on a sheriff's deed which in turn was based upon a sale under execution issued by the Municipal Court of the City of Los Angeles more than nine years after judgment. Records of the municipal court, introduced in evidence by defendant, showed the execution of a promissory note by defendant, dated December 8, 1928, secured by a deed of trust on certain real property, which property

was sold under the trust deed on January 22, 1933. On February 9, 1934, a deficiency judgment for $614.28, plus attorney fees and interest, was entered in the municipal court, the defendant's default having been previously entered therein. An execution issued August 26, 1937, was returned *nulla bona*; examination of the judgment debtor on supplementary proceedings, November 8, 1938, likewise resulted in a return of no property found.

On June 18, 1942, the respondent Milstein purchased the 1934 judgment against Turner for $250, and thereafter filed in the municipal court a notice of motion ''for an order directing the issuance of an execution on the ground that the judgment heretofore rendered remains wholly unsatisfied, and that due diligence was exercised in attempting to enforce collection thereof.'' An accompanying affidavit by M. M. Milstein recited that execution had been returned unsatisfied; that Turner had been ''examined as a judgment debtor in an effort to ascertain whether or not he possessed any assets; that after his examination he was discharged, no assets having been discovered; that affiant is informed that said defendant is now the owner of real estate at 9050 Zamora'' in the city of Los Angeles, and a Ford automobile.

On March 2, 1943, the municipal court ordered the issuance of an execution as prayed, the record reciting: ''Plaintiff appearing by Joe Wapner; Defendant not appearing.'' As appellant's brief avers, there is no record showing of any service of the notice of motion on the defendant. There is, however,'' as stated by respondent, ''to be found in the records what is commonly known as a 'return receipt' issued by the Post Office which indicates that appellant received from the office of respondent's counsel on February 15, 1943, a registered parcel.''

According to appellant's brief, the question to be decided on this appeal is whether ''an order to issue execution five years after judgment, with no pleading showing service of notice for such order, and with no statement of the facts showing due, or any diligence in attempts to collect the original judgment over a period of more than six years,'' can be considered void on its face, and hence susceptible to collateral attack in another court.

It is the respondent's contention that the judgment of the municipal court is not void on its face; that ''Upon a collateral attack on a judgment of a court of record, it will be presumed that everything was done which should have

been done to give the court jurisdiction," hence that the superior court was not empowered to reopen the matter in the present action and declare invalid the order to issue execution, upon which plaintiff's title is based.

The general rule, as stated in 15 California Jurisprudence, page 45, section 138, is that judgments "cannot be impeached in a collateral proceeding for errors and irregularities, but that they are collaterally attackable for lack of jurisdiction. In other words, a judgment or order is not subject to collateral impeachment unless it is absolutely void, and it is not void unless made or entered without authority of law, or as usually stated, without jurisdiction." The same work also states on page 46, section 139, that "The main difference between collateral and direct attack is that in the former the record alone can be inspected and is conclusively presumed to be correct, while on direct attack the true facts may be shown."

A leading case on this subject is *In re Eichhoff*, 101 Cal. 600, 605 [36 P. 11], where it was held that a domestic judgment of a superior court, both of the parties to which are residents within the state, must be presumed to have been rendered with jurisdiction over the person of the defendant, when the same is offered in evidence in another proceeding, although there is no proof of service of summons or appearance on the part of the defendant, and although the judgment is itself silent concerning the jurisdiction over the person of the defendant. The reviewing court there said: "The judgment-roll . . . is consistent with the fact that proper service was made upon the defendant . . . and, as any condition of facts consistent with the validity of the judgment will be presumed to have existed, rather than one which will defeat the judgment, it must be presumed in support of the action of the court, that such service was shown to it, although it has not preserved any record thereof."

As was said in the recent case of *Svetina* v. *Burelli*, 87 Cal.App.2d 707, 709 [197 P.2d 562] (Sept., 1948), "It must be remembered that the plaintiff herein was not sued in a direct attack to avoid the judgment . . . but by his suit to quiet title has made a collateral attack on that judgment. That a suit to quiet title is a collateral attack on a judgment has long been settled in this state." Respondent's brief correctly states that although the contentions now advanced by appellant might properly have been raised in some direct, appropriate proceedings in the original case, such as an

opposition to the motion for issuance of execution in the municipal court, or on an appeal therefrom, such argument is unavailable in the present superior court action to quiet title, involving only a collateral attack on the order.

As hereinbefore indicated, appellant's present objection to the municipal court order is twofold: (1) that the affidavit for the order to issue execution after five years was "insufficient"; (2) that the record did not disclose that notice of the motion therefor was served on the defendant. But neither contention meets the requirement that a collateral attack will only lie where the order or judgment is, in the language of the Svetina case, "void on its face, that is to say, is void as appears from an inspection of the judgment roll. It is not void on its face unless it appears therefrom that the court did not have jurisdiction either of the person or of the subject matter."

The contention that the affidavit was "insufficient" to justify the issuance of the order, is analogous to the appellant's argument in *Svetina* v. *Burelli, supra,* page 709, that the complaint therein was "insufficient," in reference to which the court said: "The action of the court in rendering judgment against the plaintiff herein on an insufficient complaint would be but error for which an appeal [in the original action] could have been taken by defendant."

Appellant's other and major point that the order to issue the execution is void by reason of the fact that the record does not show that notice thereof was served on the defendant, is answered by In re *Eichhoff, supra,* page 604. The fact is that the record in the instant case does not show that there was no service, and as in the Eichhoff case, "is consistent with the fact that proper service was made." Had the record affirmatively shown that there was no service, appellant might then have cause to complain by way of the present collateral attack, but such is not appellant's contention. And the presumption, as said in the Eichhoff case, is "in support of the action of the [municipal] court, that such service was shown to it, although it has not preserved any record thereof."

The original judgment against appellant was obtained in municipal court on personal service; the appellant, defendant therein, was personally examined in court on supplementary proceedings, no assets were found; and the judgment was not paid. After the lapse of five years, that court, on what must now be deemed a sufficient showing both as to jurisdiction

and as to statutory grounds, saw fit to issue an order that execution issue. Under the present record, this order cannot be deemed subject to collateral attack.

Unless the well-established distinction between collateral and direct attack be preserved, the supposed stability of judgments and orders will be rendered meaningless. The security of real estate titles and of all other public and private rights based upon judicial determination would be left in a state of legal chaos if appellant's contentions were to prevail. Regardless of what objections might properly have been directly raised in the original action, the matter once determined must stand decided, subject only to the rule hereinbefore mentioned.

The judgment is affirmed.

York, P. J., and White, J., concurred.

A petition for a rehearing was denied January 11, 1949, and appellant's petition for a hearing by the Supreme Court was denied February 17, 1949. Carter, J., and Schauer, J., voted for a hearing.