[Civ. No. 18243.   Second Dist., Div. One.   Oct. 30, 1951.]

M. M. MILSTEIN, Respondent, v. FRED TURNER, JR., et al., Appellants.

Walter Gould Lincoln for Appellants.

Wapner & Wapner, Joseph M. Wapner and Joseph A. Wapner for Respondent.

HANSON, J. pro tem.—In this case there are two separate appeals, one by the defendant Fred Turner, Jr., and his wife from a judgment in ejectment rendered in favor of the plaintiff Milstein (the respondent on appeal), and the other an appeal by Fred Turner, Sr. (the father of Fred Turner, Jr.) who while not named as a party defendant in the case endeavored to assume that role (after the case had been tried and submitted to the court for decision), by the simple expedient of filing an answer in the case, without leave of court and indeed without notice to the plaintiff. On motion of the latter the court struck the answer of Turner, Sr., from the files. His appeal is from the order thus made, and from an order denying his motion to set aside said order.

The appeal of appellant Fred Turner, Sr., requires no statement of the facts upon which he rests his appeal. It is enough to say that if he were possessed of a most meritorious case against the plaintiff he was not entitled to inject that case into a case instituted by the plaintiff Milstein against his son by the simple device of filing an answer in it. The order of the trial court striking the answer of Turner, Sr., was correct. (*Mercantile T. Co.* v. *Stockton etc. Co.*, 44 Cal. App. 558 [186 P. 1049]; *Lester* v. *Beer,* 74 Cal.App.2d Supp.

984 [168 P.2d 998]; *Liera* v. *Los Angeles Finance Co.*, 99 Cal.App.2d 254 [221 P.2d 737].)

The appeal of Fred Turner, Jr., and his wife, which we alone discuss from this point on, requires but a brief statement of the facts to demonstrate that there is likewise no merit in their appeal.

The plaintiff Milstein instituted an action in 1947 against Turner, Sr., to quiet title to the land here involved basing his right thereto upon a sheriff's deed issued to him pursuant to an execution which had been issued upon a personal judgment against Turner, Sr. In that action Turner, Sr., answered setting up various defenses none of which included a claim of a superior or indeed any homestead right against the plaintiff's claim of title in that action. The decree in that case adjudged that title to the property was vested absolutely in the plaintiff with a right of immediate possession thereto. Upon an appeal by Turner, Sr., the judgment was affirmed by this division of the court. (89 Cal.App.2d 296 [200 P.2d 799].)

Thereafter on October 18, 1949, the present action was instituted by Milstein against the defendants Turner, Jr., and his wife for possession of the premises along with damages for its wrongful detention. The two defendants just named were in actual possession of the premises at the time and, indeed, had been in possession of them at and ever since Milstein originally caused them to be levied upon by virtue of the personal judgment he held against Turner, Sr. By their answer the defendants Turner, Jr., and his wife, aside from a general denial, averred they (1) were in actual possession of the premises, (2) that an action was pending instituted by Turner, Sr., against Milstein charging that any title to the property claimed by Milstein was based upon judgments obtained through fraud by Milstein against Turner, Sr., (3) that as said action was undetermined the title of Milstein was unsettled.

The answer of the defendants did not aver that they claimed a right of possession on any other ground, as, for instance, that they were tenants of Turner, Sr., or were occupying the premises by his sufferance. Upon the issues joined, as we have just stated them, it is clear that the answer set up no defense to the plaintiff's right of possession based, as it was, upon and supported by the decree quieting title which was presented as a part of the evidence of plaintiff Milstein. Not only did the defendants fail to show any right of possession, much less a superior right of possession over

the right of possession accorded by the decree quieting title, but what is more this very failure of showing any privity of title with Turner, Sr., barred them from setting up any defense which Turner, Sr., might have had if he had been named as a party defendant. In saying this we are not to be understood as intimating he had any defense. ■ Furthermore, as the attack launched was not a direct but a collateral attack on the judgment it was not maintainable (*Milstein* v. *Turner*, 89 Cal.App.2d 296 [200 P.2d 799]).

■ The contention that a final judgment in a title action may not be classed as being final by persons not parties to the action just because it is being attacked by a party to such action, in still another action, for want of jurisdiction and for fraud is completely without merit. (*Cf. Smith* v. *Smith*, 134 Cal. 117 [66 P. 81].)

What we have so far said is sufficient to dispose of both appeals. ■ We pause, however, to say a few passing words as to two minor contentions urged upon us. *First,* it is contended that the court erred in rejecting evidence which would have disclosed that the plaintiff purchased the personal judgment upon which he caused execution to issue—resulting in a sheriff's deed to him—for approximately one third its face value. *Second,* it is claimed that the property sold at the sheriff's sale for a grossly inadequate price. Again the short answer is that an utter stranger to the transaction may not question it.

The next contention is that two of the findings contradict one another and that the court failed to find on certain issues. ■ The contradiction referred to is with respect to an immaterial finding. Next it is true, as appellant contends, that the court failed to find on two issues which appellants sought to inject into the case. But the short answer thereto is that the court rightly refused to do so. These and other contentions made by appellants are too technical and hypercritical to warrant our taking the time to answer them.

The judgment and orders are affirmed.

Doran, Acting P. J., and Drapeau, J., concurred.