[Civ. No. 6602. Fourth Dist. Feb. 10, 1961.]

GEORGE E. KELLAR, Plaintiff, v. EDWARD L. HENDEY, JR., et al., Respondents; DORIS WEAVER SWAL-BERG, Movant and Appellant.

William O. Burt for Appellant.

Thurman Arnold, Jr., for Respondents.

COUGHLIN, J.—The issue on this appeal concerns the authority of a trial court, in an action against a corporate defendant, to determine which of two rival stockholder factions may file an answer on behalf of the corporation.

The plaintiff brought an action against Hendey Manufacturing Corporation, a corporation, and others. Through an attorney by the name of Arnold, an answer was filed on behalf of one of the individual defendants and the corporation. Thereafter, through an attorney by the name of Burt, purportedly on behalf of the corporate defendant, a motion was made to strike the aforesaid answer and to permit the corporate defendant "to intervene and file" an answer and cross-complaint. This motion was denied. Through attorney Burt the "Intervener" appeals from the "Final Order denying the Motion to Intervene."

It is apparent that a dispute exists between stockholders of the defendant corporation; that apparently two boards of directors have been elected to direct its affairs; that the corporation appeared in the action through an answer caused to be filed by an officer of the original board; that a minority stockholder purported to call a meeting for the purpose of electing a new board; that a second board came into existence as a result of that meeting; and that the motion to strike and to intervene was made at the behest of the second board.

The appellant, which designates itself the "Intervener" and purports to be the corporation acting through a legally elected and qualified board of directors, contends that the court erred in denying its motion to intervene; claims compliance with all of the requirements for intervention; and cites section 387 of the Code of Civil Procedure in support of its position. ■ On their face, the pleadings which it seeks to file show noncompliance with the provisions of that code section which state that intervention "is made by complaint, setting forth the grounds upon which the intervention rests." No such complaint was presented for filing.

Obviously appellant has misunderstood the nature of the proceedings before the trial court. It complains that in denying the motion for intervention the court reached a decision on the merits. Apparently this complaint is directed to the decision of the court, implicit in its order of denial, that the original board of directors and not the second board of directors was authorized to represent the corporation in this action. This issue was the gravamen of the proceedings instituted by appellant's motion. A decision thereon was prerequisite to any order in the premises. Actually, the trial court had to determine whether the answer filed by the original board or that proposed to be filed by the second board was presented authoritatively on behalf of the corporation. ■ An

answer will be stricken on motion if filed by an attorney without authority (*People* v. *Honey Lake Valley Irr. Dist.*, 77 Cal.App. 367, 374 [246 P. 819]), or by a stranger to the action. (*Milstein* v. *Turner*, 107 Cal.App.2d 184, 185 [236 P.2d 606]; *Liera* v. *Los Angeles Finance Co.*, 99 Cal.App.2d 254, 257 [221 P.2d 737].) ■ By the same standard an application to file a proposed answer at the request of an unauthorized representative of a defendant or on behalf of a stranger should be denied. ■ Apart from statute, "the courts have inherent power, by summary means, to prevent frustration, abuse, or disregard of their processes." (*Neal* v. *Bank of America*, 93 Cal.App.2d 678, 682 [209 P.2d 825].) In the event a stranger to the action appears as a defendant under the guise of a corporate name, because it has no authority to represent the corporation, the processes of the court in the premises would be abused and frustrated.

■ The minority stockholder in this case did not ask to intervene. Under appropriate circumstances she may have had that privilege. (*Waymire* v. *San Francisco etc. Ry. Co.*, 112 Cal. 646, 651 [44 P. 1086]; *Mercantile T. Co.* v. *Stockton etc. Co.*, 44 Cal.App. 558, 563 [186 P. 1049].) The order of denial recognizes such a probability by providing: "This denial is without prejudice to any other legal procedure which may be available."

Apparently no other procedure was undertaken because it is related in respondent's brief, and not denied, that pending this appeal the case went to trial and the plaintiff recovered judgment in the sum of $160.45. No cause has been shown for a reversal of the order.

The order is affirmed.

Griffin, P. J., and Shepard, J., concurred.