Filed 6/27/23  City and County of San Francisco v. Bato CA1/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| CITY AND COUNTY OF SAN FRANCISCO et al.,<br><br>     Plaintiffs and Respondents,<br><br>v.<br><br>ANGELICA BATO,<br><br>     Defendant and Appellant. | A164141<br><br>(City & County of San Francisco<br>Super. Ct. No. CGC-18-564770) |

Defendant Angelica Bato appeals a judgment entered after the trial court denied her motion to set aside entry of default.  She brought the motion more than a year after default was entered, and the trial court denied it on the grounds that the lengthy delay showed a lack of diligence and that Bato had not shown she had a meritorious defense to the action.  On appeal, Bato raises a variety of arguments for why the default should not have been entered, but she does not address the bases for the trial court's decision.  We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

The City and County of San Francisco (the City) brought this action against Bato and others on March 5, 2018, alleging they owned or operated an illegal gambling establishment and asserting causes of action for red light

1

abatement (Pen. Code, §§ 11225–11235), public nuisance, non-compliance with the City's building and planning codes, and unlawful business practices (Bus. & Prof. Code, §§ 17200–17210). Bato was served with the complaint by mail, and her counsel, Andrew Dimitriou, acknowledged receipt of the summons and complaint on February 26, 2019. The City inquired repeatedly about when Dimitriou would file Bato's answer; Dimitriou told the City's counsel on multiple occasions that he would be filing a verified answer for Bato, and on April 17, 2019 he sent a copy of an answer to the City's counsel. He did not, however, file the answer with the court. The caption indicated it was filed by "Attorneys for Defendant *Angela Bato*," and the first page of the answer began, "Defendant, *Angela* Bato, . . . hereby answers the Complaint," but the verification was signed "*Angelica Bato*." (Italics added.)

A case management conference was scheduled for June 12, 2019, but on May 22, 2019, the trial court delayed the conference until July 17 "to obtain an answer[] from, or enter default[] against, defendant[] ANGELICA C BATO." In a June 26, 2019 case management statement, the City's attorney explained that Dimitriou had not responded to multiple emails asking whether he intended to file an answer, and further explained that "[a]s a professional courtesy I have not sought a default against A. Bato yet." The same day, Dimitriou told the City's counsel he would be out of the office until July 5 and would file an answer upon his return.

The trial court cancelled the scheduled July 17, 2019 case management conference and issued an order to show cause directing the City to appear on August 27, 2019 to show cause why the action should not be dismissed, or sanctions imposed for failure to obtain an answer from, or enter default against, Bato.

Dimitriou informed the City on July 12, 2019 that he had filed the answer, enclosing another copy of the answer, but the answer did not appear on the court's docket. The City's counsel emailed Dimitriou on July 19 to tell him the answer was not on the docket and asking if it had been properly filed. He wrote again July 29, reminding Dimitriou of the order to show cause and telling him he would seek default if the answer was not filed immediately. The next day, Dimitriou forwarded a copy of an email he received from the filing service, which contained this message from the court clerk: "Rejected because there is still confusion as to who the Answer is being filed on behalf of. Pleading indicates Angela Bato, whereas the Verification portion signed by the actual defendant indicates ANGELICA Bato. Name of defendant must be consistent throughout document." Dimitriou told the City's counsel he would correct the answer and refile it that day, but he did not do so.

The City filed its response to the order to show cause on August 22, 2019, explaining that as a matter of professional courtesy, and in light of Dimitriou's repeated representations that he would file the verified answer on Bato's behalf, the City had not previously filed a default. The same day, the City filed a request for entry of default, and the court clerk stamped the front page of the request, in a box on the top right labeled "FOR COURT USE ONLY," with the following: "DEFAULT ENTERED AS REQUESTED." Another box at the bottom of the front page had boxes labeled "Default entered as requested on (date)" and "Default NOT entered as requested (state reason)." These boxes were left blank. The same day, the request for default was served on Bato by mail both at an address that was apparently her home address and at her business address, and it was also electronically served on her counsel, Dimitriou.

3

Dimitriou emailed the City's counsel on October 30, 2019 asking to talk with him about the case, but he cancelled the scheduled conversation and did not respond to the City's invitation to reschedule it.

Bato obtained new counsel, whom she first approached for representation in June 2020. She filed a motion to set aside the default on November 24, 2020, five months after she contacted her new counsel and more than 15 months after the default was entered. She made the motion on equitable grounds, asserting that the court clerk acted illegally in rejecting the answer she presented for filing in July 2019 and that her former counsel had "totally failed to represent" her, thus establishing extrinsic fraud or mistake. And, she asserted, the City's counsel acted wrongfully in seeking a default under the circumstances. She asked the court to deem her answer filed.

The declarations supporting Bato's motion are conspicuously vague as to the time she learned of the default. In her declaration, Bato averred Dimitriou, her initial counsel, assured her the case was under control; that he told her he would file the answer on her behalf; that he never told her the answer had been rejected or that default had been entered; and that she did not learn of the default until after she retained new counsel, whom she approached for representation because she was having difficulty communicating with Dimitriou. For his part, Bato's new counsel declared that Bato first approached him in June of 2020 and told him she was having problems communicating with Dimitriou about the case; that he contacted Dimitriou, who promised to send the case files but did not do so; that Dimitriou led him to believe the case was under control and did not mention the default; and that he learned of the default (at some unspecified time)

4

when his office reviewed the online register of actions and downloaded various documents from the court.

The trial court denied the motion, ruling that even assuming Dimitriou's behavior amounted to a complete abandonment of the attorney-client relationship, Bato failed to satisfy two of the three prongs of the test for equitable relief from default: she did not show she had a meritorious defense to the action, and she did not act with diligence in seeking to set aside the default once it was discovered.

On June 4, 2021, the trial court entered a default judgment, from which Bato has appealed.

**DISCUSSION**

A party may move for relief from default on statutory or equitable grounds. Section 473, subdivision (b) of the Code of Civil Procedure authorizes such relief based on "mistake, inadvertence, surprise, or excusable neglect" if a motion is brought within six months from entry of default. (See *Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 980 (*Rappleyea*).) Even after the time for a statutory motion has passed, however, a court may grant relief from default on equitable grounds, for instance for extrinsic fraud or extrinsic mistake—"a term broadly applied when circumstances extrinsic to the litigation have unfairly cost a party a hearing on the merits." (*Id*. at p. 981; accord, *Pulte Homes Corp. v. Williams Mechanical, Inc.* (2016) 2 Cal.App.5th 267, 275 (*Pulte Homes*).) Bato's motion was brought on equitable grounds. We review the trial court's denial of a motion for equitable relief from a default for abuse of discretion (*Rappleyea*, at p. 981; *County of San Diego v. Gorham* (2010) 186 Cal.App.4th 1215, 1230), reversing only if the decision is " ' "so irrational or arbitrary that no reasonable person could agree with it" ' " (*Mechling v. Asbestos Defendants* (2018) 29 Cal.App.5th 1241, 1249).

5

In considering a request for relief from default on equitable grounds, courts apply a three-part test: "first, the defaulted party must demonstrate it has a meritorious case; second, it must articulate a satisfactory excuse for not presenting a defense to the original action; and third, the moving party must demonstrate diligence in setting aside the default once it was discovered." (*Lee v. An* (2008) 168 Cal.App.4th 558, 566; accord, *Pulte Homes*, at p. 275.)[1] The party seeking relief has the burden to show that each aspect of this test is met. (*Hudson v. Foster* (2021) 68 Cal.App.5th 640, 664.)

The City did not dispute below that the second prong was satisfied, conceding that Dimitriou's "presence as [her] attorney has been sorely lacking throughout this case, especially when it came to filing the verified answer." (See *People v. One Parcel of Land* (1991) 235 Cal.App.3d 579, 584.) But, the City argued and the trial court agreed, Bato made no showing either that she had a meritorious defense or that she exercised diligence once the default was discovered. On appeal, Bato addresses neither point, except to assert, without authority, that any lack of diligence in filing her motion was irrelevant. We note that she might have availed herself of the proposition that "[o]rdinarily a verified answer to a complaint's allegations suffices to show merit." (*Rappleyea, supra,* 8 Cal.4th at p. 983.) Because Bato verified the answer that was never filed, we will not rely on the first prong of the three-part test.

---

[1] Although there is some question whether this three-part test should be strictly applied where, as here, default *judgment* had not yet been entered when the court ruled on the motion for relief from default (see *Rappleyea, supra,* 8 Cal.4th at p. 982), Bato does not argue that as a general matter it is inappropriate to consider these factors when ruling on an equitable motion for relief from entry of default.

With regard to the third prong, however, a review of the record confirms substantial evidence supporting the trial court's conclusion that Bato failed to exercise diligence in setting aside the default. The evidence shows the City served not only her counsel, but Bato herself at both her home and business addresses, with the default request, but that she took no action in response for more than a year. (See *Kramer v. Traditional Escrow, Inc.* (2020) 56 Cal.App.5th 13, 37 [diligence generally measured from when party discovers default].) More importantly, after she contacted her current counsel, who learned default had indeed been entered, she did not seek relief for five more months. The record therefore supports a conclusion that she did not exercise diligence in response to the default. (See *Pulte Homes*, *supra*, 2 Cal.App.5th at pp. 271, 277–278 [four-and-a-half-month delay in seeking default showed lack of diligence].)

On appeal, instead of challenging the trial court's findings, Bato raises several arguments for reversing the default judgment. First, she points to the fact that the clerk did not check the box at the bottom of the request for default indicating whether the default was entered as requested. From this, she contends that the clerk never actually entered the default. This argument fails. First, she did not raise it in the trial court and has therefore forfeited it. (See *North Coast Business Park v. Nielsen Construction Co.* (1993) 17 Cal.App.4th 22, 28–29.) More fundamentally, this argument entirely ignores the fact that, at the top of the same page, the clerk stamped the words, "DEFAULT ENTERED AS REQUESTED." We are satisfied that the clerk entered the default.

Second, Bato argues that the trial court clerk had a ministerial duty to file her answer despite the discrepancy in the names in the answer and verification, and the answer should therefore be deemed filed as of July 12,

2019. She relies on authorities indicating the clerk has a ministerial duty to accept a filing that substantially conforms to the applicable rules. (*Rojas v. Cutsforth* (1998) 67 Cal.App.4th 774, 776–778 [deeming complaint filed on date it was presented to clerk although declaration for court assignment was not signed and summons did not reflect address of correct division of court, contrary to local rules]; *Mito v. Temple Recycling Center Corp.* (2010) 187 Cal.App.4th 276, 280 [clerk has ministerial duty to file complaint that complies with state requirements]; *Carlson v. Department of Fish & Game* (1998) 68 Cal.App.4th 1268, 1276 [same]; *United Farm Workers of America v. Agricultural Labor Relations Bd.* (1985) 37 Cal.3d 912, 918 [petition for writ of review lacking required verification treated as filed when delivered to clerk, although matter could be dismissed later if defect not timely corrected]; *Voit v. Superior Court* (2011) 201 Cal.App.4th 1285, 1287–1288 [clerk has ministerial duty to file request for appointment of counsel that complied with rules of court and could not demand that party cite precedent supporting motion].) And, she contends, Dimitriou's failure to file a corrected answer constitutes extrinsic fraud and mistake that justifies equitable relief.

The authorities upon which Bato relies are distinguishable from the case before us. In most of those cases, the clerk's wrongful rejection of a filing rendered an action untimely, barring an action entirely. That was not the case here. Nor did the clerk repeatedly refuse to accept a filing or improperly require an unrepresented party to cite precedent, as in *Voit*. Rather, the problem was a technical one that could easily have been remedied with no ill consequences to Bato by simply correcting the name on the answer and presenting it again for filing.

For purposes of our analysis, we take no position on whether the clerk had a ministerial duty to file an answer that indicated on its face it was on

8

behalf of someone not named in the action, with a name inconsistent with the verification.  (Cf. *Kellar v. Hendey* (1961) 189 Cal.App.2d 86, 87–88 [answer stricken if filed by stranger to action]; Cal. Rules of Court, rule 2.112(3) [each defense must state party asserting it if more than one party represented on pleading].)  Even assuming error on the part of the trial court clerk, the facts remain that the problem could easily have been resolved by changing the name on the first page of the answer, that Bato took no steps to do so, that on the same day the court entered the default, August 22, 2019, the request for a default was served on Bato herself at two addresses, as well as on her then-attorney, and yet she did not seek relief from the default for 15 months.  We recognize the evidence that Dimitriou neglected his duties, but Bato was on personal notice of the default from August 2019 onward, and even after contacting a new attorney she waited five months before seeking relief.  The trial court could reasonably conclude that Bato did not establish she acted diligently and that this extensive delay defeated her claim for equitable relief.

Bato also contends the City took unfair advantage of the clerk's error when it requested default.  We fail to see how.  The record indicates the City showed considerable forbearance in holding off on seeking default, doing so only when the trial court issued an order to show cause why the action should not be dismissed for its failure to do so.

On this record, we cannot find the trial court's decision was outside the bounds of reason, and we therefore find no abuse of discretion in denying equitable relief from default.

## DISPOSITION

The judgment is affirmed.  In the interests of justice, the parties shall bear their own costs on appeal.

9

                              TUCHER, P.J.


WE CONCUR:


PETROU, J.
RODRÍGUEZ, J.


*City & County of San Francisco et al. v. Bato* (A164141)