No. 12532

IN THE SUPREME COURT OF THE STATE OF MONTANA

1973

DUNJO LAND COMPANY, a copartnership,
composed of JOANNE K. HARGRAVES and
DUNGAN H. McCAULEY,

Plaintiff and Respondent,

-vs-

HESTED STORES COMPANY OF WYOMING AND
J. J. NEWBERRY COMPANY,

Defendants and Appellants.

Appeal from:   District Court of the Thirteenth Judicial District,
Honorable C. B. Sande, Judge presiding.

Counsel of Record:

For Appellants:

Jones, Olsen & Christiansen, Billings, Montana
Robert L. Zimmerman argued, Billings, Montana

For Respondent:

Hibbs, Sweeney and Colberg, Billings, Montana
Hugh Sweeney argued, Billings, Montana

Submitted:   September 14, 1973

Decided:   OCT 3 1 1973

Filed:   OCT 3 1 1973

Thomas J. Kearney
Clerk

Mr. Justice Wesley Castles delivered the Opinion of the Court.

Defendants appeal from the granting of summary judgment for plaintiff in an action for damages founded on the provisions of a lease.

From admissions contained in the pleadings and an agreed statement of facts, the district court of the thirteenth judicial district, Yellowstone County, found these facts: That on September 11, 1959, defendant Hested Stores Company, the predecessor in interest to defendant J. J. Newberry Co., entered into a lease with plaintiff Dunjo Land Company's predecessor in interest, Laurel Security Company. The lease term commenced on October 1, 1959. The lease provided in part:

> "The removal of the walls between the Bateman
> Laurel Security Company building shall be at
> the lessee's expense. In the event the lessor
> herein requires the replacing of the wall at
> the expiration of the lease or any extension
> thereof, the lessee agrees to replace said
> wall at lessee's expense."

By its terms the lease expired on February 28, 1969. On October 28, 1969, plaintiff lessor requested that defendant lessee replace the wall. Defendant refused to replace the wall on the grounds the request for replacement was not timely made. The district court concluded from these facts that the request was timely made and granted summary judgment for plaintiff.

The sole issue on appeal is whether the district court was correct in concluding that notice was timely given of the lessor's request for replacement of the wall.

Defendant lessee's position is essentially that the term of the lease which required replacement of the wall "at the expiration of the lease" required plaintiff lessor to make demand for replacement of the wall on the day the lease expired. Plaintiff contends there is nothing in the lease requiring the

- 2 -

request be made on the day the lease expired and its request, made within a reasonable time after the expiration of the lease, was timely.

Defendant's contention that the lease term which required replacement of the wall on request at the expiration of the lease required delivery of the request on the day that lease expired is untenable. This Court cannot rewrite the contract entered into by the parties. In Guidici & Meine v. Minerals Eng. Co., 136 Mont. 389, 403, 348 P.2d 354, this Court said:

> " * * * a new contract may not be made for the parties, nor other language read into or eliminated from the lawful terms thereof * * *."

To accept defendant's contention as to this point would require the addition of a term to the contract specifying the time for the delivery of the request to replace the wall. This we do not do.

By statute, when no time is specified for the doing of an act, a reasonable time must be allowed. Section 13-723, R.C.M. 1947, provides in pertinent part:

> "If no time is specified for the performance of an act required to be performed, a reasonable time is allowed."

Here, since the parties did not specify the time for delivery of the request to replace the wall, plaintiff is entitled to have its request for replacement honored if it was made within a reasonable time.

Guidelines for the determination of what constitutes a reasonable time in any given situation have been long established. This Court in Henderson v. Daniels, 62 Mont. 363, 373, 374, 205 P. 964, said:

> "'Reasonable time' is defined to be so much time as is necessary, under the circumstances, to do conveniently what the contract or duty requires should be done * * *".

- 3 -

See also State ex rel. Malott v. Board of Commissioners, 89 Mont. 37, 296 P. 1.

The question of whether a given length of time is reasonable can be either a question of fact or a question of law. When the surrounding circumstances are clearly established or undisputed the question is solely one of law for resolution by the court. Henderson, supra. On the other hand, when the surrounding circumstances are in dispute the question is at least partially one of fact and requires resolution by the trier of fact.

In the instant case the district court by granting summary judgment treated the question of reasonable time as a question of law to be resolved solely on admissions contained in the pleadings and an agreed statement of facts. Such treatment would have been proper but for the fact that certain of the surrounding circumstances were still in dispute. These were related to the lapse of time and as such, were material to a determination of whether or not the lapsed time was "necessary, under the circumstances, to do conveniently what the contract * * * requires should be done". Among the unresolved questions of fact in the surrounding circumstances are: defendant's contention contained in the pretrial order that the building was vacant for one and a half years prior to the expiration of the lease; defendant's allegation of damage resulting from the delay in delivering notice; and, plaintiff's claim that the delay was occasioned by efforts to rerent the premises to a tenant who would not require replacement of the wall. Under the facts here, eight months, unexplained by surrounding circumstances, does not appear to be a reasonable time.

Accordingly, since there was dispute with regard to the surrounding circumstances, the question of reasonable time was at least partially a question of fact which could only be resolved

- 4 -

by resolution of disputed facts. Summary judgment is not a proper tool to resolve disputed questions of fact. This Court has indicated repeatedly and most recently in Mustang Beverage Co., Inc. v. Jos. Schlitz Brewing Co. _____Mont._____, 511 P.2d 1, 30 St.Rep. 565, 567, summary judgment should be granted only when there is no genuine issue of material fact. Since there were genuine issues of material fact here, it follows that summary judgment was improper.

We reverse the decision of the district court granting plaintiff's motion for summary judgment and remand the cause for further proceedings not inconsistent with this opinion.

_Wesley Castles_
Justice

We concur:

_James T. Harrison_
Chief Justice

_Gene B. Daly_

_Frank I. Haswell_

_John Conway Harrison_
Justices

- 5 -