No. 84-400

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

_____

JAMES W. MARTIN,

            Plaintiff and Appellant,

   -vs-

LAUREL CABLE TV, INC.,
a corporation,

            Defendant and Respondent.

_____

APPEAL FROM: District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable Charles Luedke, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Christopher P. Thimsen, Billings, Montana

    For Respondent:

        James P. Murphy, Billings, Montana

_____

Submitted on Briefs: Dec. 20, 1984

Decided: March 13, 1985

Filed: MAR 14 1985

*Ethel M. Harrison*

_____
Clerk

Mr. Chief Justice J. A. Turnage delivered the Opinion of the Court.

Plaintiff appeals from a judgment of the District Court of the Thirteenth Judicial District, Yellowstone County, following bench trial. The court dismissed Count I which claimed rent due on a one-year holdover lease, provided that defendant honor or replace two rent checks for a two-month period previously delivered to but not negotiated by plaintiff. The court granted judgment for the plaintiff on Count II for $280 for heating costs owed during a five-year lease and the holdover period. We affirm.

Plaintiff appeals only the judgment on Count II, asking for a greater sum due as an equitable pro rata share of total heat costs. Plaintiff claims error in permitting parol evidence as basis for the judgment.

Issues:

1. Did the trial court violate the parol evidence rule in admitting a November 9, 1971, letter from plaintiff's uncle to defendant's predecessor into evidence and oral testimony regarding the effect of the letter?

2. Was the letter "material" to the case?

3. Without the letter, is there substantial credible evidence to support the judgment?

In holding that the admission of the letter and testimony did not violate the parol evidence rule, we affirm the trial court's judgment. Because there was no error, the remaining issues become moot.

Martin had inherited from his uncle, Paul Wold, a part interest in commercial property in Laurel, Montana, and bought out remaining interests in 1972. In the summer of 1977, Hilliard, operator of Laurel Cable TV, Inc., assumed

2

the obligations on a lease agreement between his predecessor and Martin's uncle for office and ground space for the cable television operation.

Hilliard and Martin negotiated for and entered into a lease agreement on July 21, 1977, to become effective on October 1, 1977, which would run for five years to September 30, 1982. Martin's attorney prepared the lease and included the same boilerplate "fair and equitable pro rata share of the total heat costs" language contained in the prior lease agreement. The lease agreement for $100 a month under the old lease ran to October 1, 1977, at which time the lease agreement required $200 a month for the office. A separate lease agreement to rent ground space for $50 monthly is not part of this contest.

At issue in this appeal is Paragraph VI of the lease agreement:

> "The Lessee covenants and agrees it will pay all its utility expenses, including but not limited to heat, electric power and telephone; it being understood that water shall be furnished by the Lessor; however, heat on the building being furnished from a central boiler, the Lessee shall pay to the Lessor a fair and equitable pro rata share of the total heat cost."

At the trial Hilliard testified that he had paid the heating bills according to the schedule of a letter from Martin's uncle, dated November 9, 1971, to the prior cable television company. Over an objection based on the parol evidence rule, Hilliard was permitted to testify that he and Martin had agreed to pay according to schedule. For whatever reason, Hilliard did not pay for the period of September 1977 through September 1979 and admits owing for those years. The record is clear that he made payments on a set schedule from

3

October 1979 through February 1982. Martin wrote a letter dated February 28, 1982, noting the history of the payments and demanding increased payment for retrospective and prospective heat costs. Hilliard denies owing the additional amounts set out according to Martin's formula.

Appellant contends that the District Court erred in considering the letter and testimony which allegedly varied the terms of the written lease agreement as it related to the paragraph requiring payment of "a fair and equitable pro rata share of the total heat cost." Appellant further contends that the letter was "immaterial" to the case (i.e., irrelevant), and that without the letter, there is no substantial credible evidence to support the judgment of the trial court. Instead, appellant would have the court follow his formula to determine the equitable pro rata share for the entire five-year period.

RELEVANCY. Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would have been without the evidence." Rule 401, Mont.R.Evid. Evidence is generally admissible if it is relevant. Rule 402, Mont.R.Evid.

Here, the letter and testimony had the tendency to make the reason for the payment schedule more or less probable. Credibility of the witness is a matter for the fact finder, but the relevant evidence is generally admissible, with some exceptions such as the parol evidence rule. Appellant alludes to the remoteness in time from the November 9, 1971, letter to the October 1, 1977, lease agreement. The nature of the evidence and the circumstances of the particular case must control. Determination of remoteness is left to the

4

court's discretion, subject to review only if there is manifest abuse. Preston v. McDonnell (Mont. 1983), 659 P.2d 276, 40 St.Rep. 297.

SUBSTANTIAL CREDIBLE EVIDENCE. Without the letter, there is evidence that Martin accepted payment on a schedule from October 1979 to February 1982 for set amounts during specific cooler months according to appellant's own letter to Hilliard of February 28, 1982. Appellant's bookkeeping records corroborate the amounts paid. With testimony as to the payment and acceptance, there is substantial credible evidence of a two and a half year course of conduct to support the judgment. There is also substantial credible evidence that appellant never, from the commencement of the lease agreement on October 1, 1977, until February 28, 1982, submitted to respondent any bill, statement or demand for increased payments for heat from which respondent could determine appellant's specific demands.

PAROL EVIDENCE. The parol evidence rule is codified in Montana under § 28-2-905, MCA. In essence, when the terms of parties' agreement are reduced to writing, the writing is considered to contain all the terms, thus representing the entire transaction. No evidence can be admitted of the terms other than the writing itself. The rule, however, is a rule of exceptions: (1) when pleadings put in issue an alleged mistake; (2) when parties dispute the validity of the agreement itself; (3) when circumstances under which the agreement was made or to which it relates or other evidence explain an extrinsic ambiguity; or (4) when circumstances establish illegality or fraud, then the trial court may deem parol evidence admissible. Section 28-2-905, MCA.

5

The role of the judge is to construe an instrument according to its terms or its substance, not to insert or omit terms. Section 1-4-101, MCA. The judge, however, may consider circumstances surrounding the execution, including the situation of the subject of the instrument and of the parties, to place himself in a position to interpret the language. Sections 1-4-102 and 28-2-905(2), MCA. In construing terms, evidence is admissible to show a local, technical, or otherwise peculiar signification used and understood by the parties. Section 1-4-107, MCA.

The lower court properly considered the evidence of circumstances under which the agreement was made to determine what the parties meant by the language "fair and equitable pro rata share of the total heat cost." The terms are subject to interpretation and may be proved by parol testimony. Brown v. Merrill Lynch, Pierce, Fenner & Smith, Inc. (1982), 197 Mont. 1, 9, 640 P.2d 453, 457.

Ambiguity arises when a contract's wording or phraseology is subject to two interpretations. The parol testimony can be used to determine what the parties meant by use of particular terms or phrases. Souders v. Montana Power (Mont. 1983), 662 P.2d 289, 290, 40 St.Rep. 583, 585. The court properly accepted parol testimony to explain circumstances surrounding the lease agreement, thus resolving the ambiguity existing in the instrument as permitted by § 28-2-905(2), MCA. Dussault v. Hjelm (Mont. 1981), 627 P.2d 1237, 1239-1240, 38 St.Rep. 738, 741.

Affirmed.

_____
Chief Justice

6

We concur:

_John Conway Harrison._

_John C. Sheehy_

_Frank I. Morrison_

_William E. Hunt_
Justices

7