No. 90-626

IN THE SUPREME COURT OF THE STATE OF MONTANA

1991

FIRST SECURITY BANK OF ANACONDA, a Montana corp.,

Plaintiff and Respondent,

v.

EDWIN T. VANDER PAS and ED VANDER PAS OIL, a Montana Corp.,

Defendants and Appellants.

FILED

OCT - 8 1991

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

EDWIN T. VANDER PAS,

Plaintiff and Appellant,

v.

OILFIELD SUPPLY CO., INC., a Nevada corp., OILFIELD SUPPLY CO., a Montana corp., ROY L. BROWN, DEAN W. LONEY, MONTANA-PACIFIC OIL AND GAS CO., a/k/a MONTANA PACIFIC OIL AND GAS, LTD., et al.

Defendants and Respondents.

APPEAL FROM:    District Court of the Ninth Judicial District,
                In and for the County of Toole,
                The Honorable John M. McCarvel, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

                Stephen A. Doherty and George R. Crotty, Jr.,
                Graybill, Ostrem, Warner & Crotty,
                Great Falls, Montana.

        For Respondents:

                Mark F. Higgins, Ugrin, Alexander, Zadick & Slovak,
                Great Falls, Montana;  Michael E. Webster,
                Crowley, Haughey, Hanson, Toole & Dietrich,
                Billings, Montana.


                            Submitted on Briefs:  July 25, 1991

                                    Decided:  October 8, 1991

Filed:

_____
                        /Clerk

Justice William E. Hunt, Sr., delivered the opinion of the Court.

The Montana Ninth Judicial District Court, Toole County, granted a motion for summary judgment in favor of respondent, First Security Bank of Anaconda. The court ordered appellants Edwin T. Vander Pas, and Ed T. Vander Pas Oil, Inc., a Montana corporation, to specifically perform certain obligations pursuant to an agreement terminating a business relationship. The court ordered Vander Pas to convey to First Security Bank his one-half interest in certain real property, together with buildings and improvements, located at Oilmont. It is from this order that Vander Pas appeals. We affirm.

The issue before the Court is whether the summary judgment granted by the District Court entitled First Security Bank to specific performance.

For several years, Vander Pas and Dean W. Loney were involved together in several business relationships located primarily in Toole County. In 1981, the parties were desirous of terminating and dissolving such business relationships on a fair and equitable basis. On December 4, 1981, they entered into a contract which provided that the assets and liabilities of their partnerships would be assumed by Loney. In consideration, Loney agreed to pay Vander Pas $800,000, plus interest. The contract specifically provided that Loney was to pay Vander Pas $200,000 upon execution of the agreement. The record reflects that this was performed by Loney. The balance of the remaining $600,000 debt was to be

2

evidenced by a promissory note bearing an annual interest rate of 14 percent to be paid in quarterly installments with the first payment due on or before March 31, 1982. The record reflects that approximately $600,000 in installment payments have been made on the note over a period exceeding three years.

In 1985, Loney defaulted on the payments and the parties renegotiated payments which were evidenced by a second promissory note. After a few months, Loney again defaulted. In 1987, while attempting to obtain a sizable mortgage on the Oilmont property, Loney discovered that the quit claim deed to the property was never executed.

On March 9, 1988, Loney assigned his interest in the contract and gave limited power of attorney to respondent First Security Bank of Anaconda. The power of attorney gave respondent authority to commence, prosecute, and conclude all legal actions and proceedings to enforce compliance with the contract between Loney and Vander Pas. Loney also transferred his one half interest in the Oilmont property to respondent.

On July 27, 1987, Vander Pas commenced litigation against various corporations to obtain payment under the 1985 promissory note. Respondent then filed a complaint against Vander Pas and Ed Vander Pas Oil Inc. The two actions were later consolidated.

During the proceedings, Vander Pas moved the court for a partial summary judgment asking that Loney and respondent pay the total amount due on the 1985 note. Respondent filed a cross-motion

3

for summary judgment requesting that Vander Pas specifically perform the contract by conveying the Oilmont property to respondent. The court denied Vander Pas's motion and ordered him to convey the deed to respondent. It is from this order that Vander Pas appeals.

The dispute between the parties arises over certain provisions in the 1981 contract set out below:

> Oilmont Investments is a Montana general partnership owned fifty percent (50%) by Dean W. Loney and fifty percent (50%) by Ed Vander Pas Oil in accordance with a verbal partnership agreement. The partnership assets include approximately 3 acres of land in Oilmont, Montana, and the buildings and improvements located thereon, together with cash, accounts and notes receivable. The liabilities include various accounts and notes payable to banks and other creditors. The parties hereby agree that rather than retire all liabilities, balance capital accounts and distribute assets, they will terminate their business relationship in the partnership as follows:
>
>> (a) Edwin T. Vander Pas and/or Ed Vander Pas Oil, as the case may be, will transfer all of his or its interest in the partnership assets to Dean W. Loney or his nominees by appropriate assignments, deeds, bills of sale, or other documents as may be necessary to transfer title to such assets, subject however, to all liabilities thereon.
>
> . . . .
>
> 8. The parties hereto acknowledge that numerous other and further documents are contemplated in order to carry out the intention of this Agreement to terminate a series of business relationships. Each of said parties therefore agrees to cooperate fully with the other in executing all such reasonable documents as may be necessary to fully effectuate this Agreement.

No time was specified in the contract as to when the Oilmont property was to be transferred. Unlike other property transferred

4

in the contract, there were no provisions which pledged the Oilmont property and buildings as security for the remaining debt.

The granting of summary judgment is proper when there is no genuine issue as to material fact and the moving party is entitled to judgment as a matter of law. Rule 56(c), M.R.Civ.P. Summary judgment is never a substitute for trial on the merits. Krieg v. Massey (1989), 239 Mont. 469, 471, 781 P.2d 277, 278. When examining the record, any factual inferences that can be drawn must be resolved in favor of the non-moving party. Krieg, 781 P.2d at 278. In order to prevail, the non-moving party must establish facts showing a genuine issue exists. O'Bagy v. First Interstate Bank (1990), 241 Mont. 44, 46, 785 P.2d 190, 191. The non-moving party may not rely solely on the allegations stated in the pleadings. Drug Fair Northwest v. Hopper Ent., Inc. (1987), 226 Mont. 31, 33, 733 P.2d 1285, 1287. Instead, the opposing party has an affirmative duty to respond by affidavits or sworn testimony containing material facts that raise a genuine issue. Drug Fair, 733 P.2d at 1287. In addition, conclusive or speculative statements are insufficient to raise genuine issues of material facts. Anderson v. Burlington Northern, Inc. (1985), 218 Mont. 456, 462, 709 P.2d 641, 645.

In opposing the motion for summary judgment, Vander Pas offered nothing in the record by way of affidavit or otherwise which would create a material factual dispute. For example, in his affidavit Vander Pas admitted that he did not intentionally

5

withhold his signature for the deed to the property and that it was simply an oversight that the required documents were not executed. Instead, he listed several issues in his brief in a conclusive fashion. This is not an appropriate means of opposing a motion for summary judgment. West Lake v. Osborne (1986), 220 Mont. 91, 95, 713 P.2d 548, 551. We hold that the District Court did not err in granting summary judgment.

As a general rule, the construction and interpretation of written agreements, including contracts, is a question of law for the court to decide. Cassia Creek Reservoir Co. v. Harper (Idaho 1967), 426 P.2d 209, 212. "It is a question of law for the court to determine whether there exists ambiguity sufficient to submit the question of the parties' intent to the trier of fact." Norlund v. School Dist. No. 14 (1987), 227 Mont. 402, 405, 738 P.2d 1299, 1301. When the language of the contract is clear and unambiguous on its face, then it is the duty of the court to enforce the contract as the parties intended. Wortman v. Griff (1982), 200 Mont. 528, 536, 651 P.2d 998, 1002.

If a contract does not specify a time of performance, then a reasonable time is allowed. Section 28-3-601, MCA. To determine what constitutes a reasonable time can be a question of fact or a question of law. Dunjo Land Co. v. Hested Stores Co. of Wyoming (1973), 163 Mont. 87, 90, 515 P.2d 961, 962. If the facts are clearly established or undisputed, then it is a question of law solely for the courts to decide. Dunjo, 515 P.2d at 962-63.

6

The court concluded that the language and purpose of the contract was clear on its face and was unambiguous. The contract was drafted with the intent of dissolving the business relationship between the parties in 1981. Vander Pas argued that he need not convey the property until the entire debt was paid. The contract did not provide for Vander Pas to hold the property as security until Loney paid the total amount of the debt. Paragraph 3 of the contract stated that Vander Pas "will transfer all of his or its interest in the partnership assets to Dean W. Loney," which included "approximately 3 acres of land in Oilmont, Montana, and the buildings and improvements located thereon." Nothing in the contract indicated that the Oilmont property was subject to a security interest, unlike other provisions of the contract which provided for contingencies in case Loney defaulted on the note. There was nothing stated in the contract which would have prevented Vander Pas from conveying the Oilmont property at the time the parties executed the contract.

In addition, section 8 of the contract demonstrates that the parties contemplated that additional documents would be necessary to carry out the intention of dissolving the business relationship. The undisputed facts demonstrate that Vander Pas bargained for a down payment and a note. He received those items in consideration of transferring the property. We agree with the District Court and hold that the time for Vander Pas to transfer the property was at the time the contract was executed and that nine years is an

7

unreasonable time for Vander Pas to hold the property as a matter of law.

Specific performance is an equitable remedy which empowers the court to fashion a remedy which is appropriate under the circumstances according to the purpose of the contract. See Keaster v. Boszik (1981), 191 Mont. 293, 623 P.2d 1376. There is no prerequisite for a contract to be absolute in every detail before granting specific performance. Keaster, 623 P.2d at 1381. The District Court found that the equities weighed in favor of Loney because Vander Pas had received $600,000 in payment and yet failed to turn over the property for nine years. Section 27-1-419, MCA, presumes that a breach of an agreement to transfer real property cannot be relieved by pecuniary compensation. Because the contract calls for Vander Pas to convey the Oilmont property at the time of execution, we hold that the granting of specific performance was appropriate.

We affirm the District Court.

_William E. Hunt Sr._
Justice

8

We concur:

_____
Chief Justice

_____
John Conway Harrison

_____

_____
Justices

9