JUSTICE HUNT
delivered the Opinion of the Court.
Defendant and appellant Randy Rogers (seller), appeals from an adverse decision of the District Court of the First Judicial District, Lewis and Clark County. Plaintiff and respondent Joshua Sayegusa, a licensed real estate broker (broker), brought suit seeking to recover *270 a real estate broker’s commission. The District Court granted summary judgment in favor of the broker, concluding that seller was obligated to pay the commission, even though the proposed sale did not go through. Seller appeals. We affirm.
The only issue before the Court is whether the District Court erred in granting broker’s motion for summary judgment.
On March 29,1991, seller entered into an exclusive listing contract with broker to sell Big Sky Toppers and its inventory and equipment. Broker found two potential buyers of seller’s business. In April 1991, the potential buyers offered $80,000 for the business, which included certain items of inventory and equipment. The offer of $80,000 was in response to seller’s asking price. On April 20, 1991, the buyers signed an agreement to sell and purchase the business. Seller counteroffered on April 22,1992, with respect to certain terms of the agreement, and this counteroffer was accepted by the buyers on the same day.
The agreement included a closing date of May 15, 1991. Closing did not occur on May 15, 1991. Several days later, the buyers expressed concern that the inventory was less than what had been stated in the purchase and sale contract. Both parties agreed that the inventory was less and that a reduction in the price was appropriate. The parties could not agree on an appropriate reduction and the transaction never closed. Broker brought this action alleging that he was entitled to his commission even though the sale did not go through. The District Court agreed and granted summary judgment in favor of broker.
A district court judge may grant summary judgment when:
[T]he pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law.
Sherrodd, Inc. v. Morrison-Knudsen Co. (1991), 249 Mont. 282, 284, 815 P.2d 1135, 1136; Rule 56(c), M.R.Civ.P. Upon reviewing a grant or denial of a motion for summary judgment, this Court applies the same standard as the district court.
The provision in the contract pertaining to the broker’s commission provides in part that:
FOR VALUE RECEIVED, you and your agents are employed to find a buyer ready and willing to purchase or exchange the property described above at the price and terms noted or at such other *271 price and terms as I/we accept. You are authorized to accept a deposit on the purchase price. In the event I/we sell or exchange the property, or a written agreement is executed for the sale or exchange of the property during the term of this agreement, I/we agree to pay you in cash a commission equal to 10% of the selling price. [Emphasis added.]
This Court’s role in interpreting contracts is to construe the instrument according to its terms and this Court may neither insert nor omit terms to the contract. Martin v. Laurel Cable TV, Inc. (1985), 215 Mont. 229, 696 P.2d 454; Section 1-4-101, MCA. In situations in which the terms of the contract are clear and unambiguous, it is the duty of the court to enforce the contract as the parties intended. First Sec. Bank v. Vander Pas (1991), 250 Mont. 148, 818 P.2d 384.
In this case, the District Court concluded that the language of the listing agreement was clear and unambiguous as to broker’s right to his commission. Broker was entitled to a commission upon procuring a buyer “ready and willing to purchase” and who entered into a written agreement to make the purchase. The District Court found that the broker in this instance satisfied the requirements in the listing agreement. The District Court concluded that there were no genuine issues of material fact regarding this question and granted summary judgment in favor of broker. We agree with the District Court that the result is unfortunate. We also agree that the result was mandated by the clear and unambiguous language of the listing agreement and the well-established law in this area.
Seller argues that the buyers backed out of the deal through no fault on his part. Additionally, seller argues that the buyers are now in control of the premises, as well as his equipment and inventory. Seller fails to recognize, however, that the present litigation involves the listing agreement between himself and the broker. The rights or obligations of the buyers, under their contract to purchase the business, are not at issue here.
It is well-established law in Montana that a broker’s right to recover a commission is conditioned on the broker’s ability to accomplish that which he or she undertook to do in the contract of employment. Diehl and Associates, Inc. v. Houtchens (1977), 173 Mont. 372, 567 P.2d 930; First Trust Co. of Montana v. McKenna (1980), 188 Mont. 534, 614 P.2d 1027; Ehly v. Cady (1984), 212 Mont. 82, 687 P.2d 687. Pursuant to the clear and unambiguous language of the listing agreement in this case, the broker became entitled to his commission when the buyers entered into a written contract to *272 purchase the business for the price requested by the seller. The District Court noted that:
[Seller’s] contractual obligation [under the listing agreement] overrides the unfortunate result of the buyers’ backing out of the deal through no fault of [seller]. It is one of the risks taken when entering into such a listing contract.
It is indeed unfortunate that seller is required to pay a commission even though the sale did not occur, but the language of the listing agreement and past precedent of this Court require such a result.
As a final matter, appellant points out that on June 12, 1991, respondent dismissed the complaint against codefendant Robert V. Rogers. A review of the District Court record in this action indicates that Robert V. Rogers was dismissed from the action and that he was not brought in again at a later date. Therefore, Robert V. Rogers was not a party to this caseandis not responsible for the judgment entered by the District Court against appellant Randy A. Rogers.
The decision of the District Court to grant summary judgment in favor of the broker is affirmed.
CHIEF JUSTICE TURNAGE, JUSTICES HARRISON and WEBER concur.