No. 93-509

IN THE SUPREME COURT OF THE STATE OF MONTANA

1994

C. JAMES HENNEN, d/b/a MONTANA
JIM'S CASINO,

      Plaintiff and Appellant,

  v.

OMEGA ENTERPRISES, INC.,
and SUMFUN, LTD.,

      Defendants and Respondents.

FILED

APR 19 1994

CLERK OF SU...... ...RT
STATE OF .... ...

APPEAL FROM:  District Court of the Eighth Judicial District,
               In and for the County of Cascade,
               The Honorable Joel G. Roth, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

          J. Michael Young and Steven T. Potts, Jardine,
          Stephenson, Blewett & Weaver, P.C., Great
          Falls, Montana

      For Respondents:

          James R. Walsh and Gregory G. Smith, Smith,
          Walsh, Clarke & Gregoire, Great Falls, Montana

Submitted on Briefs:  March 10, 1994

Decided:  April 19, 1994

Filed:

_____
             Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

C. James Hennen brought this action before the Eighth Judicial District Court, Cascade County, requesting declaratory judgment concerning the contractual status of the parties, an injunction requiring Omega Enterprises, Inc. (Omega) to remove its gambling machines from Hennen's place of business, and an accounting of the machines' profits and expenses. Hennen moved the court for partial summary judgment on the declaratory judgment and injunction issues. Omega opposed partial summary judgment and moved to dismiss Hennen's request for an injunction. The court denied Hennen's motion for summary judgment and granted Omega's motion to dismiss. Hennen appeals. We reverse and remand.

We rephrase the dispositive issues as follows:

1. Whether this appeal is premature.

2. Whether the District Court erred by refusing to find that the parties' business contract was terminated.

C. James Hennen met with Omega's representative, John Gordon, to discuss and create a business contract. Hennen was interested in opening a casino in the Great Falls area but lacked capital, a liquor license and gambling machines, among other things.

Omega had an interest in a liquor license, capital, business knowledge and access to gambling machines. The parties contracted on October 2, 1991. After the contract was signed, Omega assigned part of its interest in the contract to Sumfun, Limited.

Portions of the contract provided that Omega would provide Hennen's casino with gambling machines and transfer an interest in

2

a liquor license to Hennen. Hennen agreed to pay, in installments, $45,505.08 for the liquor license.

Although not an attorney, Gordon drafted the greater portion of the parties' contract. Both parties agree that the contract is not a model of clarity. Paragraph 7 of the contract provides:

> This agreement shall run until June 30, 1996, and shall be renewed under the same terms and conditions unless the existing debt of $45,505.08 has been paid prior to June 30, 1996.

Paragraph 10, drafted by Hennen, provides:

> [The] agreement shall be renegotiated by the parties signing below at any time provided a written request is given within thirty (30) days prior to renegotiating.

On April 14, 1993, Hennen notified Omega by certified letter that he wished to renegotiate the agreement. The parties met the following month, on May 20 and 21, but failed to successfully renegotiate. Hennen thereafter notified Omega that the contract was terminated.

When Omega protested, Hennen initiated this action. Hennen also filed a motion for partial summary judgment, requesting the court to declare that the contract was terminated and requesting the court to order Omega to remove its property from Hennen's casino. Omega opposed summary judgment by stating that the contract's provisions were ambiguous and in need of judicial interpretation. Omega further moved to dismiss Hennen's request for an injunction, stating that the equitable remedy was inappropriate because Hennen did not suffer irreparable harm. The court denied Hennen's motion for partial summary judgment and granted Omega's motion to dismiss. Hennen appeals.

3

ISSUE 1

Is this appeal premature?

Omega argues that this appeal, as it concerns declaratory judgment, is premature because Hennen did not seek Rule 54(b), M.R.Civ.P., certification of the court's order. Hennen asserts that the Court should review both of the issues in his appeal because declaratory judgment is material to his request for an injunction, and the District Court's summary judgment order, refusing to grant the injunction, is currently appealable.

Rule 1(b)(2), M.R.App.P., provides

> In civil cases a party aggrieved may appeal from a judgment or order, except when expressly made final by law, in the following [case]: . . . from an order . . . refusing to grant . . . an injunction.

See also State ex rel. Keast v. Krieg (1965), 145 Mont. 521, 402 P.2d 405 (a court's denial of a request to quash a temporary injunction is appealable). Additionally, Rule 2, M.R.App.P., provides

> upon appeal from a judgment in a civil case, the court may review the verdict or decision and any intermediate order or decision excepted or objected to within the meaning of Rule 46 of the Montana Rules of Civil Procedure, which involves the merits, or necessarily affects the judgment, except a decision or order from which an appeal might have been taken.

Hennen's motion for partial summary judgment involved both the declaratory judgment and the injunction issues. Because Hennen validly exercised his right to appeal the court's denial of his request for an injunction, this Court reviews the entire case. Jerome v. Pardis (1989), 240 Mont. 187, 783 P.2d 919. We conclude that this appeal is not premature.

4

## ISSUE 2

Did the District Court err by refusing to find that the parties' business contract had terminated after the parties' attempts at renegotiation failed?

Omega argues that the renegotiation provision, written by Hennen, should be construed against Hennen because it renders the contract vague and ambiguous. Omega contends that parol evidence is necessary to resolve contractual ambiguities. As affirmative defenses, Omega argues that Hennen contracted fraudulently and in bad faith, that Hennen is unjustly enriched, and that Hennen waived or was estopped from using his contractual right to renegotiate the agreement. Hennen argues that the plain language of the contract allows either party to request within thirty days a renegotiation of its terms, and that, accordingly, the contract has been terminated because Hennen notified Omega of his intent to renegotiate and the parties did not reach an agreement.

This Court reviews a district court's decision for or against summary judgment by utilizing the same criteria the lower court used in its deliberations. Knight v. City of Missoula (1992), 252 Mont. 232, 243, 827 P.2d 1270, 1276-77. Summary judgment is appropriate when there are no disputed issues of material fact and the movant is entitled to summary judgment as a matter of law. Rule 56(c), M.R.Civ.P. When a motion for summary judgment is made and supported, the nonmoving party cannot rest on allegations or the denials of its pleadings, but must set forth specific facts showing that there is a genuine issue for the trial court.

5

Brinkman and Lenon v. P & D Land Enterprises (Mont. 1994), 867 P.2d 1112, 51 St.Rep. 36.

In this action to declare the parties' contractual standings the court must look to the plain language in the contract. Section 1-4-101, MCA. When a contract is clear and unambiguous, the court must enforce the contract as it was created by the parties. Keller v. Dooling (1991), 248 Mont. 535, 813 P.2d 437.

The present contract, while providing for termination on June 30, 1996, also provided for renegotiation upon thirty days' written notice from either party. The law favors giving effect to each provision of a contract, see § 28-3-202, MCA, and courts must interpret contractual provisions so as to allow each provision to be effective. Section 28-3-201, MCA; First Security Bank of Anaconda v. Vander Pas (1991), 250 Mont. 148, 818 P.2d 384. The covenant in paragraph 10 of the agreement requiring that the agreement be renegotiated upon a thirty-day notice did not render the contract vague or indefinite; rather it provided for a continuing contractual relationship if after notice a successful renegotiation was accomplished.

Hennen's dissatisfaction spurred his request to renegotiate the agreement, and when attempts at renegotiation failed, the contract's life was extinguished. The court, however, found that the thirty-day notice renegotiation provision was at odds with the parties' intent to bind each other contractually until June 30, 1996. We hold that the finding is not supported by a plain reading of the contract and that the court erred. See § 28-3-303, MCA;

6

Steer, Inc. v. Dep't of Revenue (1990), 245 Mont. 470, 803 P.2d 601.  Courts are without authority to insert components in or erase components from unambiguous contract provisions.  In re Marriage of McKeon (1992), 252 Mont. 15, 826 P.2d 537.  We therefore reverse and remand the case for further proceedings consistent with this opinion.

_____
Chief Justice

We concur:

_____

_____

_____

_____
Justices