No. 01-806

IN THE SUPREME COURT OF THE STATE OF MONTANA

2003 MT 233

MICHAEL DAMBROWSKI,

   Plaintiff and Appellant,

 v.

CHAMPION INTERNATIONAL CORP.,

   Defendant and Respondent.

APPEAL FROM: District Court of the Fourth Judicial District,
       In and For the County of Missoula, Cause No. DV-94-79982,
       Honorable John W. Larson, Presiding Judge

COUNSEL OF RECORD:

   For Appellant:

      Robert A. N. Stutz, Attorneys Inc., P.C., Missoula, Montana

   For Respondent:

      John A. Kutzman and Keith Strong, Dorsey & Whitney, LLP,
      Great Falls, Montana

   For Amicus Curiae:

      Patrick R. Sheehy, Halverson, Sheehy & Plath, P.C., Billings, Montana

         Submitted on Briefs: May 29, 2003

            Decided: September 4, 2003

Filed:

_____
        Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1 Appellant Michael Dambrowski filed a motion to enforce the terms of a settlement agreement in the Fourth Judicial District Court, Missoula County. Respondent Champion International Corp. (Champion) subsequently satisfied its settlement obligation to Dambrowski. Dambrowski, however, requested the assessment of interest for the forty-five days which elapsed between the date of settlement and the date Champion finally paid its settlement obligation. The District Court denied Dambrowski's request for interest, and Dambrowski appeals. We affirm the judgment of the District Court.

¶2 We restate the sole issue on appeal as follows:

¶3 Did the District Court err in concluding that, under the facts of this case, forty-five days to complete a settlement agreement was not unreasonable?

**FACTUAL AND PROCEDURAL BACKGROUND**

¶4 On September 7, 1994, Michael Dambrowski filed a complaint against Champion, Compensation Adjusters, Inc., and Carol Posterino. Dambrowski subsequently settled his claims against Compensation Adjusters, Inc., and Carol Posterino. On March 3, 2001, Dambrowski reached a settlement agreement with Champion. In negotiating the settlement agreement, Dambrowski and Champion did not discuss or agree on any particular deadline for performance and completion of the settlement agreement.

¶5 On April 9, 2001, Dambrowski filed a motion to enforce the terms of his settlement agreement with Champion. Dambrowski also requested interest in the amount of $21.92 per day for each day which elapsed between the date of settlement and the date Champion would

2

ultimately satisfy its settlement obligation. Champion satisfied its settlement obligation on April 17, 2001. On August 1, 2001, the District Court issued an order denying Dambrowski's request for interest on the forty-five days which elapsed between March 3, 2001, and April 17, 2001. Dambrowski filed a timely appeal.

## STANDARD OF REVIEW

¶6 The construction and interpretation of a contract is a question of law for the court to decide. *Ophus v. Fritz*, 2000 MT 251, ¶ 19, 301 Mont. 447, ¶ 19, 11 P.3d 1192, ¶ 19. We review a district court's conclusions of law for correctness. *Ophus*, ¶ 19.

¶7 The question of whether a given length of time is reasonable can be either a question of fact or a question of law, depending upon the surrounding circumstances. *Dunjo Land Co. v. Hested Stores Co.* (1973), 163 Mont. 87, 90, 515 P.2d 961, 962; *State v. Board of Comm'rs* (1930), 89 Mont. 37, 296 P. 1. We review a district court's findings of fact to ascertain whether they are clearly erroneous. *Daines v. Knight* (1995), 269 Mont. 320, 324, 888 P.2d 904, 906. A finding is clearly erroneous if it is not supported by substantial evidence, if the trial court misapprehended the effect of the evidence, or if our review of the record convinces us that a mistake has been committed. *Marriage of Kovarik*, 1998 MT 33, ¶ 20, 287 Mont. 350, ¶ 20, 954 P.2d 1147, ¶ 20.

## DISCUSSION

¶8 Did the District Court err in concluding that, under the facts of this case, forty-five days to complete a settlement agreement was not unreasonable?

¶9      This Court has previously determined that settlement agreements are contracts, subject to the provisions of contract law. *See Kienas v. Peterson* (1980), 191 Mont. 325, 328, 624 P.2d 1, 2. In the instant case, the terms of the settlement agreement are undisputed. Champion agreed to pay Dambrowski $80,000.00, and Dambrowski agreed to sign a standard release of claims form. However, it is also undisputed that Dambrowski and Champion did not discuss or agree on any particular deadline for performance and completion of the settlement agreement.

¶10     Section 28-3-601, MCA (1999), which addresses situations where the time of performance is not specified in a contract or other obligation, provides:

> If no time is specified for the performance of an act required to be performed, a reasonable time is allowed. If the act is in its nature capable of being done instantly (for example, if it consists in the payment of money only), it must be performed immediately upon the thing to be done being exactly ascertained.

¶11     Dambrowski asserts that because Champion's sole obligation under the settlement agreement was to pay him $80,000.00, Champion was required under § 28-3-601, MCA (1999), to perform its obligation immediately. Dambrowski therefore alleges that he was entitled to recover interest on the unpaid money commencing the day after the settlement was reached. Champion counters that its performance under the settlement agreement consisted of more than "the payment of money only," and therefore was not "capable of being done instantly," as contemplated in § 28-3-601, MCA (1999). Champion contends that in addition to paying Dambrowski $80,000.00, it was required to: (1) prepare a mutually agreeable release of claims form and (2) submit a stipulation for dismissal of the case.

4

Champion maintains that because instant performance was not feasible, its immediate performance was not required, and therefore, the District Court did not err in refusing to award Dambrowski interest during the passage of the "reasonable time" necessary for it to complete performance of the settlement agreement. Champion further asserts that forty-five days was a "reasonable time" for its completion of performance.

¶12 First, we conclude that because Champion's obligation under the settlement agreement consisted of more than just the payment of money, it was not feasible for Champion to perform its obligation instantly. Therefore, pursuant to § 28-3-601, MCA (1999), Champion was allowed a reasonable time period in which to complete its performance. The question we must reach, however, is whether, under the facts of this case, the District Court erred in concluding that forty-five days was a reasonable time.

¶13 The ideal would be for us to forge a hard and fast rule alerting litigants that, in all situations in which a settlement agreement is silent as to the date of performance, a "reasonable time" for the completion of one's settlement obligations is "x" number of days. However, it is not that simple. If the terms of the settlement at hand are fairly routine, it may be that only 7 to 10 days are needed for all terms of the agreement to be accomplished. If the details of the agreement are more complex, more time may be required. Unfortunately, there is no way we can fashion a one-size-fits-all "reasonable time" period that takes into account every variable or contingency a settlement agreement may incorporate. As this Court stated in *Walters v. Getter* (1988), 232 Mont. 196, 200, 755 P.2d 574, 576-77 (citing *Henderson v. Daniels* (1922), 62 Mont. 363, 373-74, 205 P. 964, 967): "'Reasonable time'

5

is defined to be so much time as is necessary, under the circumstances, to do conveniently what the contract or duty requires should be done in a particular case." Further, "When the facts are clearly established or are admitted or undisputed, the question of what is a reasonable time is one of law." *Walters*, 232 Mont. at 200, 755 P.2d at 577. Such is the case here.

¶14    As noted above, the question of what constitutes a "reasonable time" does not lend itself to a bright-line definition. Reasonableness hinges upon the underlying factual circumstances, which, in turn vary from case to case. Thus, we conclude that the question of whether a party has performed its obligations under a settlement agreement within a "reasonable time" must be assessed by a district court on a case-by-case basis, taking into account the matters that need to be accomplished before a settlement can be finalized.

¶15    In addressing this question of law, the District Court reasoned as follows:

> The amount of time accruing is between March 3, 2000, and April 17, 2000, or 45 days. Certainly, this delay is important and caused concern to Plaintiff and his counsel, although it seems to the Court inappropriate to award interest in this matter given the fact that there was never any question that the settlement had been reached and that the documents were being processed. This Court does not mean to allow for open-ended resolution of cases and believes that they should be resolved within a reasonable amount of time. In this case, given the issues, complexity and difficulties encountered, 45 days is not an excessive time.

¶16    We hold that the District Court was not incorrect in concluding, under the facts of this case, that forty-five days was a reasonable amount of time.

¶17    Despite the dissent's protestations, there is no need to overrule our decision in *Hetherington v. Ford Motor Company* (1993), 257 Mont. 395, 849 P.2d 1039. *Hetherington*

dealt with the issue of whether, in the absence of a signed written agreement, there was a meeting of the minds sufficient to form a binding settlement agreement. The Court held that there was a meeting of the minds as to the material elements of the agreement, and thus it was enforceable. Unlike the present case, there was no issue as to the time of performance and, for that reason, the Court did not address the requirements of § 28-3-601, MCA. The fact that there has been a meeting of the minds at a particular point in time does not necessarily mean payment of money is the *only* act; that it is capable of being done instantly; or that it must be performed immediately. *See* § 28-3-601, MCA. The fact that the typical settlement agreement contemplates more than the mere payment of money is evidenced by the Court's statement in *Hetherington* that a court, acting in equity, "can grant specific performance by ruling that a simple release of all Hetherington's claims be executed, the form of which it would approve, and dismiss the lawsuit with prejudice." *Hetherington,* 257 Mont. at 401, 849 P.2d at 1043. If the payment of money were the only act at issue, there would be no need for a court to order specific performance of the release and dismissal. *Hetherington's* holding as to meeting of the minds and enforceability does not conflict with our conclusion herein that § 28-3-601, MCA, allows parties a reasonable time to perform the contract.

¶18 Finally, as is apparent from our holding that "reasonableness" will generally hinge upon the particular facts of each case, we cannot over-state the importance of the parties' negotiating a date of performance when reaching a settlement agreement. With a mutually agreeable target date for performance, the parties will know when and if pre-judgment

7

interest will begin to accrue, and they can avoid the prospect and cost of a court making the decision for them.

¶19    For the foregoing reasons, the judgment of the District Court is affirmed.


/S/ W. WILLIAM LEAPHART


We concur:

/S/ KARLA M. GRAY
/S/ JOHN WARNER
/S/ SUSAN P. WATTERS
        District Judge, sitting in
        place of Justice Jim Regnier

Justice Patricia Cotter dissents.

¶20    I concur in everything that is said through ¶ 15 of the Court's Opinion, and with the Court's observations contained in ¶ 17.   I dissent, however, from the Court's conclusion that, given the facts of this case, the District Court did not err in concluding that forty-five days was a reasonable amount of time for the completion of Champion's settlement obligations.

¶21    As indicated at ¶ 11, all that was required of Champion here, in addition to payment of the settlement, was the preparation of a mutually agreeable release and submission of a stipulation for dismissal.  As all lawyers know, there are garden variety forms of release utilized by virtually every defense lawyer in the business.  Where there are no complications inherent in the settlement, and there were none here, the preparation of such a release requires little more than the insertion in the form release of the identities of the parties and

the amount of the settlement, and the execution of the "print" function. The stipulation for dismissal is equally simple to prepare. Delivery and execution of these documents can be done in one day, or if by mail, in several days at most.

¶22 The Court points out at ¶ 13 that, where the settlement at hand is "fairly routine," only seven to ten days may be needed for all terms of the settlement to be accomplished. I agree completely with this statement. I would conclude that, in the case before us, as well as in other cases where the exchange of a basic release and stipulation for dismissal is all that is contemplated other than the payment of money, ten days is a more than reasonable time within which to conclude a settlement. I would therefore reverse the District Court's determination that 45 days was a reasonable time for performance, and would hold that interest began to accrue on the unpaid settlement amount upon the expiration of ten days from the date the settlement agreement was reached. I dissent from our refusal to do so.

/S/ PATRICIA COTTER

Justice Jim Rice dissenting.

¶23 I dissent from the Court's holding. I concur with Justice Cotter's discussion, excepting only her conclusion that 10 days was a reasonable time for performance of the settlement agreement herein.

¶24 The Court correctly notes that determination of a "reasonable time" for purposes of § 28-3-601, MCA, is dependent upon the unique circumstances of each case. Here, the parties entered the agreement on March 3, 2001, and, as part of their discussions, agreed to

11

notify the District Court of the settlement, cancel the final pre-trial conference scheduled for March 5, 2001, and cancel the trial as well, which was set for March 30, 2001. This was done, and the District Court vacated these settings.

¶25 Because the agreement entered here contemplated resolution of trial issues and the cancellation of the associated trial date, it would have been reasonable, given the failure to specify the time of performance, for the settlement to be completed no later than the time the trial was scheduled to begin. That was the purpose of the settlement–to alleviate the necessity of resolving the issues by trial. But for the settlement, the parties would have gone to trial on March 30, 2001. I would reverse and assess interest from that day until April 17, 2001, when payment was ultimately made.

/S/ JIM RICE

Justice James C. Nelson dissents.

¶26 I respectfully suggest that the Legislature and our existing case law have already answered the issue before us.

¶27 Section 28-3-601, MCA provides:

> **Time of performance when not specified.** If no time is specified for the performance of an act required to be performed, a reasonable time is allowed. If the act is in its nature capable of being done instantly (*for example, if it consists in the payment of money only*), it must be performed immediately upon the thing to be done being exactly ascertained. (Emphasis added).

12

¶28    Absent the parties agreeing to a specific date of payment of the settlement then, under this statute, the payment of the settlement is due and payable "immediately"--i.e, as soon as settlement is reached.

¶29    That begs the question: "When is there a settlement?"  This Court's decision in *Hetherington v. Ford Motor Co.* (1993), 257 Mont. 395, 849 P.2d 1039, provides the answer.  In *Hetherington*, we held that a settlement "agreement is binding if made by an unconditional offer, and accepted unconditionally."  *Hetherington*, 257 Mont. at 399, 849 P.2d at 1042.

¶30    Importantly, the *Hetherington* Court ruled that settlement did not require a written, signed agreement or written, signed release to be binding.  Specifically, the Court stated:

> The intentions of the parties are those disclosed and agreed to in the course of negotiations.  A party's latent intention not to be bound does not prevent the formation of a binding contract.  *Such a condition, that it will not be effective until signed, must be part of the agreement between the parties.  See Hanson v. Oljar* (1988), 231 Mont. 272, 277, 752 P.2d 187, 190;  *Hunt v. S Y Cattle Co.*  (1926), 75 Mont. 594, 606, 609, 244 P. 480.  (Emphasis added).

*Hetherington,* 257 Mont. at 399, 849 P.2d at 1042.

¶31    The dispositive facts of the instant case and those of *Hetherington* track precisely.  In *Hetherington,* "the material elements of the settlement agreement were two: (1) [t]he amount of settlement, $185,000; and (2) [t]he release of all claims." *Hetherington*, 257 Mont. at 400, 849 P2d at 1043.  As the Court stated: "[s]uch material elements are capable of being carried into effect and will not violate the intentions of the parties."  *Hetherington,* 257 Mont. at 400, 849 P.2d at 1043.  Similarly, in the case at bar the terms of the settlement agreement are undisputed. Champion agreed to pay Dambrowski $80,000 and Dambrowski

13

agreed to sign a standard release of claims form. Under *Hetherington,* settlement occurred at that point--there was an unconditional offer of settlement which was accepted unconditionally.

¶32    Since there was no agreement as to a date for the payment (performance) of the settlement and since the payment of money is involved, § 28-3-601, MCA, requires the payment to be performed "immediately"--i.e., on the date of settlement.  And, the fact that there was no written, signed settlement agreement or written signed release is of no consequence under *Hetherington*.  (Moreover it is absolutely of no consequence that Champion couldn't figure out which account to take the settlement money from--that is its problem entirely).

¶33    The resolution of the issue on appeal is simple.  It involves nothing more than applying § 28-3-601, MCA and *Hetherington*.  Since there was no agreement as to when the settlement would be performed (paid), this statute and our decision require that payment be made on the date of settlement. On that date--here March 3, 2001--Dambrowski's right to recover the settlement sum became vested and, under § 27-1-211, MCA, he was entitled to interest on the settlement sum from and after that date.

¶34    There is no reason for this Court to impose a "reasonableness" requirement on the time for payment of the settlement here.  Moreover, if the majority approach is going to be the rule henceforth, then the Court should overrule *Hetherington*, as that decision is inconsistent with the majority's holding.  However, since the majority refuse to do that the wary practitioner will now be well advised to secure during settlement negotiations

14

agreement as to: (a) the point at which the settlement negotiations become enforceable--i.e., on oral agreement as under *Hetherington,* only when the agreement is reduced to writing and executed, or only on the occurrence of other conditions precedent; (b) the date on which payment will be made and any conditions precedent to payment; and (c) the date on and rate at which interest will begin to accrue in favor of the party being paid. Indeed, hereafter, one might be well advised to conduct settlement negotiations by letter so that a record of the negotiations and agreements, or lack thereof, will be preserved.

¶35 I would opt for a much simpler rule and one based on the law as it already exists. Here, the parties could have agreed as to when the settlement payment was to be made. Since they did not, the existing statutory and jurisprudential default scheme controls.

¶36 I would adopt that rule and would require Champion to pay Dambrowski interest from and after March 3, 2001. I dissent from our failure to do so.

/S/ JAMES C. NELSON

15